LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

*Attorneys for the*
*Honorable Lourdes A. Leon Guerrero*
*Governor of Guam*

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, *in his official capacity*,<br><br>Defendant. | Case No. 25-CV-00030<br><br>Removed from the Superior Court of Guam Case No. CV0190-25<br><br>**OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING TO PLAINTIFF'S MOTION TO REMAND** |

On August 18, 2025, Defendant Douglas B. Moylan, Attorney General of Guam ("AG Moylan"), pursuant to FRCP 6(B)(1)(A), filed a Motion for Extension of Time to File a Responsive Pleading to Plaintiff's Motion to Remand ("Motion to Extend Time"). Mot. to Extend Time, ECF. No. 9. In his motion, AG Moylan claims that there is good cause for the requested fourteen (14) day extension, including (1) that the action is being heavily litigated and raises issues of great public importance that must be carefully scrutinized and researched; (2) that the assigned attorney to the matter is also litigating *Guam Power Authority v. Attorney General of Guam*, CV25-0029

and *Moylan v. Guerrero*, CV24-0029; (3) that the Motion to Remand is 33 pages long and requires careful and deliberate consideration, and the 14-day allotment of time to respond is insufficient; and (4) the Court has discretion to extend the time. *Id.* at 4. AG Moylan further claimed that the extension should be granted because Guam lacks sufficient attorneys and his office is understaffed despite his efforts to recruit, and Plaintiff Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Governor of Guam, opposes AG Moylan's motion.

First, AG Moylan has misstated the deadline for the filing of his Opposition. Rule 7 of the Local Civil Rules provides that an opposition to a motion must be served and filed within twenty-one (21) days of the filing of the motion. *See* CVR 7(f). Governor Leon Guerrero's reply is due fourteen (14) days thereafter. *Id.*

Second, this is AG Moylan's second request for an extension of time in this matter. *See* Mot. for Extension of Time to File Responsive Pleading, ECF. No. 4. In his first motion to extend, AG Moylan had completely missed the deadline to file his Answer and Counterclaim, yet sought an extension again, claiming good cause based on the importance of the case and the Court's discretion.

Third, the strenuous schedule of counsel hardly constitutes good cause to extend time. Governor Leon Guerrero's legal office consists of two (2) attorneys, which have numerous responsibilities, including filing briefs in the very same cases identified by AG Moylan. However, an attorney's heavy workload is not good cause for an extension of time. "The Court begins with a simple truth that seems to be lost on counsel: attesting that an attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, it is cause for alarm." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022).

"[A]s a matter of federal common law, an attorney's failure to meet a filing deadline due to workload or inattention generally does not constitute good cause." *United States v. One 2007 Harley Davidson St. Glide Motorcycle*, VIN 1HD1KB4197Y722798, 982 F. Supp. 2d 634, 639 (D. Md. 2013) (citing *Cook v. Howard*, 484 Fed. Appx. 805, 818 (4th Cir. 2012)("'Good cause' would still require the Appellants to demonstrate, at bottom, that they had exercised diligence in obtaining the information but that they were nonetheless unable to comply with the scheduling order deadline."); *see also Pinero Schroeder v. Fed. Nat. Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.").

Fourth, while AG Moylan disagrees with the Governor's counsel's position that his circumstances do not constitute an emergency that would justify an extension, the Governor's position is not without support. "Absent unusual circumstances in which *unexpected* work obligations arise, it is not good cause for an extension of the case management deadlines in the scheduling order that attorneys were inattentive to the subject case while they were busy tending to other matters." *Williams*, 627 F. at 1179 (emphasis added). AG Moylan removed this case to this Court, presumably believing he had adequate basis to do so, supported by law. AG Moylan should have anticipated the Governor's filing of a motion to remand, a natural and ordinary consequence of removal. If AG Moylan did not have the resources to litigate this matter, or the other matters that occupy his time, he should not have brought them before the Court. "When more business becomes concentrated in one firm than it can handle, it has two obvious remedies: to put on more legal help, or let some of the business go to offices which have time to attend to it. I doubt if any court should be a party to encouraging the accumulation of more business in one law office

than it can attend to in due time." *Knickerbocker Printing Corp. v. United States*, 75 S. Ct. 212, 213, 99 L. Ed. 1292 (1954).

Fifth and finally, the Governor has interest in the timely resolution of her motion to remand, and of this case more broadly. AG Moylan has filed or removed several cases in this Court, including this matter, disrupting the Superior Court's jurisdiction over this matter in an effort to shop for what he hopes is a friendlier forum. As AG Moylan noted in his first motion to extend time, the Governor gave him ample notice she intended to file a motion to remand, yet now he seeks to delay resolution of the motion. A motion to remand is already a reasonably foreseeable consequence of filing removal notice.

For these reasons, Governor Leon Guerrero respectfully requests that the Court deny AG Moylan's Motion to Extend Time.

*Respectfully submitted* this 19th day of August, 2025.

        **OFFICE OF THE GOVERNOR OF GUAM**
        Office of Legal Counsel

By: */s/ Leslie A. Travis*
     **LESLIE A. TRAVIS**
     *Attorneys for Plaintiff*
     *Lourdes A. Leon Guerrero,*
     *Governor of Guam*

# CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

>Douglas B. Moylan
>Attorney General of Guam
>Office of the Attorney General of Guam
>134 W. Soledad Avenue
>Ste. 802 Bank of Hawaii Building
>Hagåtña, Guam 96910
>(671) 475-2710
>dbmoylan@oagguam.org
>
>William Lyle Stamps
>Assistant Attorney General
>Office of the Attorney General of Guam
>Civil Division
>134 W. Soledad Avenue, Ste. 302
>Hagåtña, Guam 96910
>(671) 475-2710
>lstamps@oagguam.org

*Respectfully submitted* this 19th day of August, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: _/s/ Leslie A. Travis_
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*