

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HAGAN GUAHAN*, GOVERNOR OF GUAM, in her official capacity,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, in his official capacity,<br><br>Defendant. | Civil Case No. 25-cv-00030<br><br>**Reply to Plaintiff's Opposition to Defendant's Motion for Extension of Time to File a Responsive Pleading to Plaintiff's Motion to Remand** |

  Movant, ATTORNEY GENERAL OF GUAM ("Attorney General"), by and through undersigned counsel, and pursuant to Rule 6(B)(1)(A) of the Federal Rules of Civil Procedure and CVLR 7(f) replies to Plaintiff's Opposition to Defendant's Motion for Extension of Time to File a Responsive Pleading to Plaintiff's Motion to Remand [ECF 11] and, again, pursuant to CVLR 7(g) moves this Honorable Court for an Order extending the time to file and serve a
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **1** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 12   Filed 08/20/25   Page 1 of 7

responsive pleading to the Motion to Remand[1] and Memorandum in Support of Motion to Remand and Proposed Order [ECF 6, 6-1 and 6-2] filed by Plaintiff LOURDES A. LEON GUERRERO, GOVERNOR OF GUAM ("Governor") up to and including September 4, 2025, and as *good cause* therefore, shows the following.

1. On August 19, 2025 the Governor filed her Opposition to Defendant's Motion for Extension of Time to File a Responsive Pleading to Plaintiff's Motion to Remand. [ECF 11]. The five points raised by the Governor fail to rebut the Attorney General's legitimate need for this ***first*** extension of time:

2. First, the Governor states that the Attorney General misstated the deadline for the filing of the opposition to the Motion to Remand, but fails to identify the misstatement or to even offer the correct deadline. Putting that aside, the Governor filed her Motion to Remand on July 31, 2025. [ECF 6]. CVLR 7(f) grants the Attorney General 21 days to file and serve a response, namely, by August 21, 2025.

3. Second, the Governor's counsel states that this is the Attorney General's "*second request for an extension of time in this matter*." That statement misleads because, clearly, the previous filing did not relate to the Motion to Remand, but the filing of an Answer and Counterclaim. [ECF 4]. Their opposition mischaracterizes the record. This is, in fact, the *first* request for extension relating to the response to the Motion to Remand and such is fully compliant with CVLR 7(g).

---

[1] Plaintiff improperly included the "*Office of the Attorney General of Guam*" in the caption and in its substantive argument. Plaintiff never sued the "*Office of the Attorney General of Guam*." The record does not support her inclusion on the caption or in the text of the arguments advanced in the Motion to Remand and, as such, this Court must *sua sponte* strike both assertions under Fed.R.Civ.P. 12(f) ("*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own...*").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030    Document 12    Filed 08/20/25    Page 2 of 7

4. Third, the Governor argues that the strenuous schedule of counsel does not constitute good cause to extend time. There exist many decisions where district courts have granted brief extensions based upon the vagaries of the practice of law. Notably, the Governor does not cite to any decision directly on point, instead resting on broad statements of law on the subject of case management deadlines (not motion extensions) from jurisdictions in Nevada, Maryland, and the 1st and 4th Circuit Court of Appeals. In fact, this Court enjoys discretion to find good cause based on a reasonable request, and has done so on many occasions.

5. Even a cursory examination of the cases cited also demonstrates that they are inapplicable. For example, in *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022), the case involved private plaintiff's counsel, who had control to select clients and which cases to bring. *Id.* ("*Absent unusual circumstances in which unexpected work obligations arise, it is not good cause for an extension of the case management deadlines in the scheduling order.*"). In contrast, the Attorney General is a democratically-elected office, and does not have the luxury to either choose his clients, the People of Guam, or even sufficient autonomy over human resources. As cited in the Motion, even the Supreme Court of Guam has consistently recognized the lack of sufficient legal counsel on Guam, and the Attorney General's Office, which is Guam's largest law office with the most legal duties, cannot control when key personnel choose to leave. *See* Extension Motion, ECF 9, ¶ 8-10 and ECF 10-1, ¶ 8-10.

6. Notably, the Governor's counsel has not presented a single case that involved a Federal Court that refused to grant a good faith request for extension of time to respond to a motion which was requested by a U.S. Attorney, an Attorney General or a District Attorney. Instead, the cases cited involved civil case management orders where there are two civil parties

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **3** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 12   Filed 08/20/25   Page 3 of 7

1 in a civil dispute, or a single forfeiture case, where substantive rights, not just procedural timelines, were at issue. *See United States v. One 2007 Harley Davison St. Glide Motorcycle*, 982 F. Supp. 2d 634, 638 (D. Md. 2013) ("[T]he time limit imposed on the government by § 983(a)(3) is mandatory," strictly construed and the statutory penalty is dismissal). Notably, the *Harley* Court itself recognized that, "courts generally construe the relevant provisions of the Federal Rules of Civil Procedure more liberally than forfeiture rules." *Id*. at 639.

7. Fourth, the Governor appears to argue, although it is unclear, that the Attorney General's circumstances, presumably what the Governor characterizes as the Office of the Attorney General having failed to anticipate, that the AG's Office (supposedly) needed additional resources to litigate this matter. This argument makes no sense because clearly the Attorney General continues to zealously litigate in many tribunals, including this U.S. District Court of Guam, and including in the instant action on behalf of his client, namely the People of Guam.

8. The Attorney General has vigorously litigated this matter and the Governor's suggestion that the Office of the Attorney General failed to anticipate litigation needs falls flat. It has filed the following pleadings in the past two months: (i) a comprehensive Answer to Complaint with Affirmative Defenses and Counterclaim for Declaratory Relief [ECF 7] on August 1, 2025; (ii) a Motion to Stay pending the resolution of the United States Supreme Court's decision in *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4$^{th}$ 958 (6$^{th}$ Cir. 2024), *cert granted*, *Enbridge Energy, L.P., et. al. v. Nessel*, __ S. Ct. __, 2025 WL 1787715 (June 30, 2025), which directly implicates a *dispositive* issue raised in this case by Plaintiff Governor in her Motion to Remand [ECF 6] ("*Defendants Douglas B. Moylan, Attorney General of Guam*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 12   Filed 08/20/25   Page 4 of 7

*("AG Moylan"), and the Office of the Attorney General of Guam's ("OAG") [sic²] removal is untimely...")* and in her Memorandum of Points and Authorities [ECF 6-1] on <u>August 5, 2025</u>; and (iii) a Notice of a Constitutional Challenge of a Federal Statute, which under 28 U.S.C.A. § 2403, this Court must now certify the Governor's challenge of the constitutionality of multiple provisions in the Guam Organic Act of 1950 respecting the powers and duties of the Congressionally created and empowered offices of Governor and Attorney General on <u>July 14, 2025</u>.

9. Fifth, the Governor argues that that the Governor has "interest in the timely resolution of her motion to remand, and of this case more broadly." The Attorney General agrees and suggests that the parties can in fact reach the merits and "*folly*" of the Governor's Inorganic request for relief to remove a democratically-elected Attorney General <u>sooner</u> if the Governor were to withdraw her Motion to Remand pursuant to CVLR 7(o). The Governor's own conduct in these proceedings unwittingly or intentionally delays a final resolution on the merits. Rushing to judgment never is a good thing when the rights of the public are in jeopardy as is the proper functioning of the structure of government as required by our U.S. Congress. The Constitutional Challenge to the Organic Act of Guam posed by the requested relief of removing a democratically-elected Attorney General and replacing him with a Special Counsel to criminally investigate him, has absolutely no support in the text of the Organic Act of Guam, which created the office, nor in the local legislation that made it an elected officer pursuant to Congressional design.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 12   Filed 08/20/25   Page 5 of 7

10. The Attorney General urges the Court to consider the record fact that the Governor also did not agree to the Attorney General's request for additional time relating to the filing of his Answer and Counterclaim [ECF 4] and, again, did not agree to the request for a brief 14 day extension of time in the instant request relating to filing a response to the Governor's Motion to Remand and Memorandum in Support of Motion to Remand and Proposed Order [ECF 6, 6-1 and 6-2]. The Governor's own conduct appears to be a pattern of unreasonable non-cooperation with the Attorney General that could be described as a "conduct that is prejudicial to the administration of justice." *See* Rule 8.4(d) of the ABA Model Rules of Professional Conduct; *See also* GNLR 22.3(b) (the District Court of Guam has adopted the ABA Model Rules of Professional Conduct).

**WHEREFORE,** for good cause shown, Defendant Attorney General of Guam respectfully requests an Order extending the time to file a responsive pleading to the Motion to Remand by and including September 4, 2025.

**Respectfully submitted** this 20th day of August, 2025.

        **OFFICE OF THE ATTORNEY GENERAL**
        Douglas B. Moylan, Attorney General of Guam

        *W. Lyle Stamps*
        **WILLIAM LYLE STAMPS**
        Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025 that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
*leslie.travis@guam.gov*

**JEFFREY A. MOOTS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
*jeffrey.moots@guam.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

_W. Lyle Stamps_
**WILLIAM LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **7**
*Reply to Opposition to Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 12   Filed 08/20/25   Page 7 of 7