LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

***Attorneys for the***
***Honorable Lourdes A. Leon Guerrero***
***Governor of Guam***

**IN THE UNITED STATES DISTRICT COURT OF GUAM**

**LOURDES A. LEON GUERRERO**, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,

Plaintiff,

v.

**DOUGLAS B. MOYLAN**, ATTORNEY GENERAL OF GUAM, *in his official capacity*,

Defendant.

**Case No. 25-CV-00030**

Removed from the Superior Court of Guam
Case No. CV0190-25

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR TO DISMISS COUNTERCLAIM (F.R.C.P. 12(b)(6) and 12(f))**

## I. INTRODUCTION

In his August 1, 2025 Answer & Affirmative Defenses with Counterclaim ("Counterclaim"), Defendant/Counterclaim-Plaintiff Douglas B. Moylan, Attorney General of Guam ("AG Moylan") has alleged a single cause of action: that the Governor's very act of *seeking* declaratory judgment against the Attorney General violated the Organic Act.

Plaintiff/Counterclaim-Defendant Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Governor of Guam, has moved the Court for an order dismissing the Counterclaim because it fails to state a federal question, striking or dismissing the Counterclaim because it is redundant of AG Moylan's affirmative defenses, and striking the Counterclaim because it violates the *Noerr-Pennington* doctrine. Governor Leon Guerrero addresses these matters in turn herein.

## II. ARGUMENT

### A. AG Moylan's counterclaim does not state a federal question.

AG Moylan's counterclaim does not state a federal question because the Organic Act is not a "law of the United States" for purposes of federal question jurisdiction under 28 U.S.C. § 1331. *See Law Offices of Phillips & Bordallo, P.C. v. Leon Guerrero*, Civil Case No. 22-00020, 2023 WL 5075374, at *4 (Aug. 9, 2023).

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "Not all statutes passed by Congress are laws 'of the United States.'" *Law Offices*, 2023 WL 5075374, at *3. "Whether a law passed by Congress is a 'law of the United States' depends on the meaning given to that phrase by its context." *Id.* (quoting *Puerto Rico v. Rubert Hermanos, Inc.*, 309 U.S. 543, 549 (1940) (holding that Section 38 of the Puerto Rico Organic Act was not "a law of the United States" where it was "peculiarly concerned with local policy[.]")). *See also Am. Sec. & Tr. Co. v. Commissioners of D.C.*, 224 U.S. 491, 495 (1912) (holding that a law for the District of Columbia was "not a law of the United States" though enacted by Congress where the term is "confined to the construction of laws having general application throughout the United States."); *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1072 (2019) ("With respect to legislation enacted by Congress in its capacity as a national legislature, both federal and territorial courts are bound to fully and without qualification effectuate the intent of Congress. However, as to

legislation enacted by Congress for a particular territory in its capacity as a state legislature, the Congressional enactment is to be treated as a territorial law, with a territorial court of last resort authorized to interpret it pursuant to the same principles and authority governing interpretation of state laws by a state court of last resort.").

In *Law Offices*, the Court observed that Congress enacted the Organic Act pursuant to its authority under Article IV, Section 3 of the Constitution, the "Territorial Clause." *Law Offices*, 2023 WL 5075374, at *4. The Court cited with approval the 2019 Virgin Islands Supreme Court decision in *Balboni*, wherein the court noted that when Congress enacts laws in its capacity as a national legislature under Article I of the Constitution, such laws are considered "laws of the United States," while laws Congress enacts through Article IV are considered laws of the territory. *Id.* (citing *Balboni*, 70 V.I. at 1071-72 ("The Bill of Rights provisions in the Revised Organic Act are local law rather than federal law, in that though enacted by Congress, the protections apply only within the borders of the Virgin Islands and were never designed to have general protection throughout the United States.")).

The Court, in *Law Offices*, further referenced the federal district court for Hawaii's decision in *Dyer v. Abe*, 138 F. Supp. 220, 229 (D. Haw. 1956), rev'd, 256 F.2d 728 (9th Cir. 1958), when Hawaii was still a territory, wherein the court similarly held that a section of the Hawaii Organic Act should not be considered a federal statute for purposes of jurisdiction. *Law Offices*, 2023 WL 5075374, at *4. The *Dyer* court, in turn, had applied the U.S. Supreme Court's holding in *People of Puerto Rico v. Rubert Hermanos, Inc.*, holding that "where a section [of the Organic Act] is concerned with local policy, it would be better to construe it as local law over which federal courts should not take jurisdiction." *Dyer*, 138 F. Supp. 229 (quoting *Rubert Hermanos*, 309 U.S. 543, 550 (1940) (holding that Section 39 of Puerto Rico Organic Act was not a "law of the United States" because it was "peculiarly concerned with local policy…")).

Finally, the Court in *Law Offices* acknowledged the Supreme Court's decision in *Limtiaco v. Camacho*, 549 U.S. 483, 491–92 (2007), in which the Supreme Court suggested it would "defer to an interpretation of the Supreme Court of Guam of a provision of the Organic Act which addresses a "matter of *purely* local concern." 2023 WL 5075374 at *5.

Applying these authorities to the matter before it, the Court in *Law Offices* observed that the "Organic Act of Guam is a federal statute concerning *only* Guam." 2023 WL 5075374 at *5 (quoting *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1427 (D. Guam 1990), *aff'd* 962 F.2d 1366 (9th Cir.), *cert. denied* 506 U.S. 1011 (1992)). And "although 'Guam is not a state… the principles of federalism which underlie federal-state judicial relations apply equally to federal-Guamanian relations," *Law Offices*, 2023 WL 5075374, at *5 (quoting *W. Sys. V. Ulloa*, 958 F.2d 864, 868 n.5 (9th Cir. 1992)). The Court ultimately held that the relevant provisions of the Guam Bill of Rights within the Organic Act were not "laws of the United States" for jurisdictional purposes, where they only applied in Guam and were concerned with protecting persons only against local government. *Id.* at *6.

Similarly, the provisions of the Organic Act AG Moylan has raised in his counterclaim do not arise under the laws of the United States for jurisdictional purposes. They apply only in Guam, and concern only local policy, and have no impact elsewhere in the United States. For these reasons, the Court should dismiss AG Moylan's Counterclaim.

**B. The Court should strike or dismiss AG Moylan's Counterclaim as redundant.**

Even if the Court had subject matter jurisdiction over the AG Moylan's Counterclaim, the Court should exercise its discretion to decline jurisdiction over this matter.

The Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. § 2201(a), provides in relevant part that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether

or not further relief is or could be sought." (emphasis added). The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants…the statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995).

Courts have exercised discretion under the DJA to deny jurisdiction over counterclaims that merely repeat affirmative defenses, either striking them as redundant under FRCP 12(f) or dismissing them as repetitious under FRCP 12(b)(6). *Gratke v. Andersen Windows, Inc.*, 10-CV-963 PJS/LIB, 2010 WL 5439763, at *2–3 (D. Minn. Dec. 8, 2010), report and recommendation adopted, CIV. 10-963 PJS/LIB, 2010 WL 5441940 (D. Minn. Dec. 28, 2010) ("Numerous courts have used their discretion under the Declaratory Judgment Act to dismiss or strike redundant counterclaims."). "Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to consideration of practicality and wise judicial administration." *Daily*, 2005 WL 14734 at *6.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted).

In determining whether to strike declaratory judgment counterclaims, courts focus on "whether the counterclaims serve any useful purpose," and strike counterclaims "when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (citing *Pettrey v. Enterprise Title Agency, Inc.,* 2006 WL 3342633, 3 (N.D.Ohio, November 17, 2006)); *see also Biltmore Co. v. NU U, Inc.*, 1:15-CV-00288-MR, 2016 WL 7494474, at *2 (W.D.N.C. Dec. 30, 2016) ("[A] court may dismiss a declaratory counterclaim that is the "mirror image" of the Complaint."); *Citizens for Free Speech, LLC v. Cnty. of Alameda*, C 18-00834 SBA, 2018 WL 2129744, at *4 (N.D. Cal. May 9, 2018) ("A counterclaim is unnecessary…where it is merely the "flipside" of a complaint.."); *Schrad v. Radnor Twp. Sch. Dist.*, CV 16-6354, 2017 WL 4310258, at *3 (E.D. Pa. Sept. 28, 2017) ("...[M]any kinds of relief, though affirmative in form, are…nothing more than defenses to plaintiff's claim…counterclaims must seek relief independent of that sought in the complaint.") (quoting Fleming James, Jr. & Geoffrey Hazard, *Civil Procedure* 252, 255 (5th ed. 2001)).

Similarly, "district courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses." *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916, 3 (N.D.Ill. December 20, 2006) (quotations omitted); *see also Southwest Windpower, Inc. v. Imperial Elec., Inc.*, No. CV–10–8200–SMM, 2011 WL 486089, at *3 (D. Ariz. Feb. 4, 2011) (quotations omitted) (dismissing repetitious counterclaims with prejudice under Declaratory Judgment Act on a Rule 12(b)(6) motion to dismiss). "When deciding whether to dismiss a counterclaim as redundant, courts consider whether the declaratory judgment serves a useful purpose." *Gratke*, 2010 WL 5439763 at *3. "This analysis requires consideration of whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants,

would resolve all questions raised by the counterclaim." *Id.* (citing *Daily v. Federal Ins. Co.,* 2005 WL 14734 at *6 (N.D.Cal. Jan.3, 2005)); *see also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else. The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.").

Principles regarding redundant or repetitious issues apply to counterclaims that merely "repackage" affirmative defenses. *Strickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (citing *Rayman v. Peoples Sav. Corp.,* 735 F.Supp. 842, 852–53 (N.D.Ill.1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense")). Labeling a defense as a "counterclaim" does not convert the defense into an "independent piece of litigation." *Id.* (citing *Tenneco Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir.1985) (The label "counterclaim" has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label.")).

Here, it is clear that AG Moylan has failed to assert an independent cause of action in his Counterclaim. Instead, he has merely realleged his affirmative defenses, and argued that the Governor is not entitled to the relief she seeks in her Complaint. In his Counterclaim, AG Moylan seeks a declaratory judgment that, "[b]y seeking the appointment of a Special Prosecutor and/or Special Assistant Attorney General and/or prosecute [AG Moylan], the Governor has violated the Organic Act of Guam, which provides that [AG Moylan], and no other individual, shall be the Chief Legal Officer and the Public Prosecutor." Answer at ¶ 122. The remainder of the Counterclaim may be summarized as follows:

> 123 – that the Attorney General was established as a "check and balance" in the government of Guam and to serve as a "watch-dog" to limit fraudulent and other illegal

> actions taken by government officials, and Plaintiff's claims "attempt to interfere" with the structure of government set forth by Congress.
>
> 124 – that the Organic Act provides the sole manner of removing AG Moylan from office. Plaintiff's sole remedy is to appeal to Congress or the Legislature to allow for a different method for removal. Plaintiff's two requests for relief constitute an overreach that requires the Court to consider deleterious effect on the balance of power in the Government, and would grant the Governor power that has never been granted.
>
> 125 – the Attorney General is a federal officer, and this court is the proper tribunal to decide his powers.
>
> 126 – Guam law does not authorize relief sought by the Governor. Guam law provides that AG Moylan may only be removed in the same manner provided in the Organic Act for the Governor's removal. Relief sought by the Governor constitutes a serious constitutional challenge to the Organic Act.
>
> 127 – Organic Act does not provide for the Governor to appoint Special Assistant Attorneys General.
>
> 128 – Governor's request turns on substantial questions of federal law and implicate significant federal issues as such a finding would violate Organic Act.
>
> 129 – AG has filed a Notice of Constitutional Challenge and incorporates the argument as if fully set forth in Answer.

*Id.* at ¶¶ 123-129.

A majority of AG Moylan's allegations in his Counterclaim regurgitates, word-for-word, his alleged affirmative defenses, repackaging them as a counterclaim:

> 82 – Plaintiff's claims are barred as violating the Organic Act by interfering with Congress's design for the structure of the government of Guam
>
> 84 – Plaintiff's claims are barred as violating the Organic Act by illegally displacing AG Moylan.
>
> 103 – identical in all material respects to Paragraph 124.
>
> 104 – identical in all material respects to Paragraph 126.
>
> 105 – identical in all material respects to Paragraph 127.
>
> 106 – identical in all material respects to Paragraph 128.
>
> 116 – identical in all material respects to Paragraph 123.

*Id.* at ¶¶ 82, 84, 103-106, 116.

The Counterclaim is not even well-disguised in its verbatim repetition of the alleged affirmative defenses. Moreover, the ultimate relief sought in AG Moylan's counterclaim – that the Governor is not permitted by the Organic Act to appoint Special Assistant Attorneys General – will be necessarily resolved by resolution of the Governor's claims and AG Moylan's alleged affirmative defenses. *See U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, 13-22536-CIV, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) (dismissing counterclaim where it repeats the "precise contention" advanced in an affirmative defense, and where resolution of claims and defenses would resolve questions raised in counterclaim, finding that that the counterclaim "serves no useful purpose.); *see also Mille Lacs Band of Chippewa Indians v. State of Minn.*, 152 F.R.D. 580, 582 (D. Minn. 1993) (dismissing counterclaim because it "is redundant and will be moot upon disposition of the plaintiffs' claims.")

For these reasons, the Court should strike the redundant counterclaim pursuant to Rule 12(f), or, alternatively, dismiss it as repetitive pursuant to Rule 12(b)(6).

### C. AG Moylan's Counterclaim violates the *Noerr-Pennington* doctrine.[1]

The *Noerr-Pennington* doctrine protects persons who petition the government for redress from liability for their petitioning conduct. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). "The doctrine immunizes petitions directed at any branch of government, including the executive, legislative, judicial and administrative agencies." *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000). "Lawsuits are protected by the doctrine because they are essentially petitions to the courts for redress of grievances." *Theofel v. Farey-Jones*, 359

[1] The Citizen Participation in Government Act ("CPGA") Chapter 17 of Title 7, Guam Code Annotated, protects persons exercising their right to petition the government, including seeking relief in the courts.

F.3d 1066, 1078 (9th Cir. 2004) (citing *Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972)). Litigation activities by government officials fall within the *Noerr-Pennington* protection, and are protected from liability including through declaratory judgment actions. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 536 (9th Cir. 2022) (citing *Kearney v. Foley & Lardner, LLP*,  v (9th Cir. 2009)). Actions brought in violation of the *Noerr-Pennington* doctrine may be dismissed pursuant to FRCP 12(b)(6), *see Sosa*, 437 F.3d 923, or struck pursuant to FRCP 12(f). *See Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1027 (N.D. Cal. 2018).

"To determine whether a defendant's conduct, which allegedly violates a statute, is immunized under *Noerr-Pennington*, we apply a three-step analysis to determine: (1) whether the lawsuit imposes a burden on petitioning rights, (2) whether the alleged activities constitute protected petitioning activity, and (3) whether the statute at issue may be construed to avoid that burden. *Embry*, 29 F.4th at 535.

Here, AG Moylan's Counterclaim against Governor Leon Guerrero burdens her petitioning rights because it alleges that the Governor's very act of seeking declaratory judgment violates the Organic Act. *See* Answer at ¶ 122 ("By *seeking* the appointment of a Special Prosecutor…the Governor has violated the Organic Act…") (emphasis added). If successful, AG Moylan's counterclaim would prevent Governor Leon Guerrero from engaging in petitioning activities – filing a complaint for declaratory relief in court. *See Kearney*, 29 F.4th at 536. These facts fulfil the first two elements of the *Noerr-Pennington* doctrine.

Under *Noerr-Pennington*, courts "must construe federal statutes so as to avoid burdening conduct that implicated" petitioning protections. *Embry*, 29 F.4th at 540. Here, the Attorney General has alleged that the Governor's very complaint violates the Organic Act. However, territorial organic acts, including the Organic Act of Guam, do not inherently burden petitioning



Case 1:25-cv-00030 Document 13-1 Filed 08/22/25 Page 10 of 12

activities, In fact, the Organic Act explicitly incorporates the First Amendment right to petition the government for redress of grievances, *see* 48 U.S.C. 1421b(a) and (u), and 48 U.S.C. 1421g(c) and (d)(1) do not otherwise limit the full applicability of the Guam Bill of Rights. The Organic Act therefore can and should be interpreted in a manner that does not in any manner hinder the Governor's right to sue for declaratory relief in this matter.[2]

Accordingly, the Court should dismiss AG Moylan's Counterclaim pursuant to the *Noerr-Pennington* doctrine.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss AG Moylan's counterclaim and sanction AG Moylan appropriately for bringing a counterclaim that seeks to chill Governor Leon Guerrero's petitioning rights.

*Respectfully submitted* this 22nd day of August, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: *__/s/ Leslie A. Travis__*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

---

[2] To the extent the Court finds that AG Moylan's Counterclaim alleges a local claim instead of a federal claim, the Court should dismiss the Counterclaim because it constitutes an impermissible SLAPP suit, in violation of Guam's Anti-SLAPP law, the Citizens Participation in Government Act, codified at 7 GCA § 17101 *et seq*. Specifically, AG Moylan's Counterclaim "is based on, relates to or is in response to" the Governor's filing of her Complaint in this matter in furtherance of her right to petition, which is immune from liability. *See* 7 GCA §§ 17104 and 17105. Accordingly, the Court should dismiss AG Moylan's Counterclaim and sanction AG Moylan as appropriate. *See* 7 GCA § 17106(g)(2) (providing that the court "shall award a moving party who is dismissed, without regards to any limit under Guam law…such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated.")

## CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

Douglas B. Moylan
Attorney General of Guam
Office of the Attorney General of Guam
134 W. Soledad Avenue
Ste. 802 Bank of Hawaii Building
Hagåtña, Guam 96910
(671) 475-2710
dbmoylan@oagguam.org

William Lyle Stamps
Assistant Attorney General
Office of the Attorney General of Guam
Civil Division
134 W. Soledad Avenue, Ste. 302
Hagåtña, Guam 96910
(671) 475-2710
wstamps@oagguam.org

*Respectfully submitted* this 22nd day of August, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*