

LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

*Attorneys for the
Honorable Lourdes A. Leon Guerrero
Governor of Guam*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| **LOURDES A. LEON GUERRERO**, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,<br><br>Plaintiff,<br><br>v.<br><br>**DOUGLAS B. MOYLAN**, ATTORNEY GENERAL OF GUAM, *in his official capacity*,<br><br>Defendant. | Case No. 25-CV-00030<br><br>Removed from the Superior Court of Guam Case No. CV0190-25<br><br>**OPPOSITION TO ATTORNEY GENERAL OF GUAM'S MOTION TO STAY** |

I. ARGUMENT

On August 5, 2025, Defendant Douglas B. Moylan, Attorney General of Guam[1] ("AG Moylan"), filed a motion to stay this matter pending the United States Supreme Court's decision in *Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958 (6th Cir. 2024), *cert. granted sub. nom. Enbridge Energy, LP v. Nessel*, No. 24-783, 2025 WL 1787715 (Jun. 30, 2025), claiming that *Nessel* "directly implicates a *dispositive* issue raised in this case[,]" and that he "would suffer patently real harm which could be remedied by a stay pending resolution of *Nessel*." Mot. to Stay, ECF No. 8 at 1, 4 (emphasis in original). AG Moylan further contends that this Court is "better suited" than the Superior Court to interpret the Organic Act provisions he claims are at issue in this case. *Id.* at 4. The Court should deny AG Moylan's motion.

"Courts have the inherent power to stay proceedings pending a decision by the U.S. Supreme Court in another case." *Lair v. Murry*, 871 F. Supp. 2d 1058, 1068 (D. Mont. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). However, district courts may not disregard Circuit precedent on the issue being reviewed by the Supreme Court. As Governor Leon Guerrero discussed in the memorandum in support of her Motion to Remand, the Ninth Circuit's existing precedent regarding the mandatory nature of the time limit for removal provided in 28 U.S.C. § 1446 is crystal clear: the Section 1446 time limit "is mandatory and a timely objection to a late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013).

---

[1] In her Motion to Remand and Proposed Order re: Motion to Remand, Governor Leon Guerrero inadvertently included the Office of the Attorney General ("OAG") in the case caption as a defendant. The OAG is not a party in this matter, and the Court may disregard the inadvertent reference to the OAG as a defendant.

The fact that the Supreme Court has accepted review of the issue in *Nessel* does not displace *Kuxhausen*'s clear mandate, which directly applies to this matter and requires remand. *See United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1227 (N.D. Cal. 2019) ("Although the Ninth Circuit panel may ultimately prove incorrect in its determination, 'once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority.'") (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)); *see also 42 Ventures, LLC v. Rend*, 20-CV-00228-DKW-WRP, 2020 WL 6472643, at *2 (D. Haw. Nov. 3, 2020) (holding that "until [the Circuit grants rehearing], not only is it proper for this Court to cite a published decision, it is obligated to follow published decisions as binding precedent in the Circuit."). Consequently, *Kuxhausen* is binding precedent on the mandatory nature of the Section 1446 deadline, notwithstanding the pendency of *Nessel*.

Even if *Kuxhausen* did not conclusively resolve the contested issue before the Court, AG Moylan would not be entitled to a stay. A party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

Courts in the Ninth Circuit have enumerated several factors to be considered in determining whether to issue a *Landis* stay: (1) the anticipated time for a decision in the other matter; (2) the nature of the claims; (3) whether the anticipated decision in the other matter would assist in resolving the first; and (4) concerns for the courts' docket efficiency and fairness to the parties. *See McCollough v. Minnesota Lawyers Mut. Ins. Co.*, CV-09-95-BLG-RFC-CSO, 2010 WL

441533, at *4 (D. Mont. Feb. 3, 2010) (collecting cases). Review of these factors in this case weigh against entry of a stay.

First, it is unlikely that *Nessel* will be concluded in a reasonable time. "[S]tays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.1979)). The *Nessel* case is in the briefing stages, with the petitioner's brief scheduled for filing on August 29, 2025, and respondent's brief due on October 14, 2025.[2] Assuming no extensions are granted, petitioner's reply brief would be due within thirty (30) days of the filing of respondent's brief, or November 13, 2025. Oral argument in the matter has not been scheduled as of this writing, but generally takes place between October through April.[3] While "there are no rules concerning when [Supreme Court] decisions must be released," opinions are ordinarily issued by the last day prior to recess in late June or early July.[4]

The uncertain nature of the Supreme Court's scheduling weighs against the issuance of a stay in this matter. An opinion issued at the end of session in June or July 2026 would result in a lengthy 10-11 month delay from Governor Leon Guerrero's filing of her Motion to Remand, and a 13-month delay from the filing of her Complaint before the Superior Court of Guam, already

---

[2] *See* Supreme Court of the United States, Docket Sheet, *Enbridge Energy LP, et al, v. Nessel*, No. 24-783, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-783.html

[3] *See Supreme Court Procedure*, SCOTUSblog, https://www.scotusblog.com/supreme-court-procedure/#:~:text=Once%20the%20court%20has%20accepted,results%20of%20the%20promotional%20exam. (last visited August 26, 2025).

[4] United States Courts, *Supreme Court Procedures*, https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-court-procedures (last visited August 26, 2025)

disrupted by AG Moylan's desperate attempt to evade responsibility by improperly removing to this Court. The stay AG Moylan requests would reactivate this case a mere six (6) months prior to the end of his term as Attorney General, compounding the ongoing injury to OAG employees, and hindering the Governor's Organic Act authority to ensure faithful execution of Organic Act and Guam law requirements that OAG employees be placed in a merit-based system. Under these circumstances, the length of the requested stay is patently unreasonable. *See Lair*, 871 F. Supp. 2d at 1068 (denying stay in part where "any stay would necessarily be indefinite because the Court cannot predict when the U.S. Supreme Court will resolve [second case].").

Second, the nature of the claims here similarly weighs against a stay. "[C]ourts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in delay in monetary recovery." *McCollough*, 2010 WL 441533, at *4 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (distinguishing *CMAX, Inc. v. Hall,* 300 F.2d 265, 269 (9th Cir. 1962) and holding that a *Landis* stay was not justified, in part because *CMAX* "sought only damages" and "would result, at worst, in a delay in its monetary recovery.")). Here, Governor Leon Guerrero has asserted a claim for declaratory relief based on AG Moylan's continuing violation of the Organic Act and Guam law. This action is distinguishable from *CMAX* on this basis.

Third, resolution of *Nessel* may not assist the Court's decision on remand. "[S]tays may be appropriate if resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed." *McCollough*, 2010 WL 441533, at *4 (citing *Lockyer*, 398 F.3d at 1110). As Governor Leon Guerrero discussed in the memorandum in support of her Motion to Remand, the supporting circuit decisions cited in the *Nessel* petition excused untimeliness based on extraordinary circumstances. *See* Mem. P. & A. Mot. Remand, ECF No. 6-1 at 16 (citing *Nessel*

Page 5 of 8
Case 1:25-cv-00030     Document 15     Filed 08/26/25     Page 5 of 9

Petition for Writ of Certiorari, ECF No. 1-2 at 29-33). *Nessel* also does not impact the subject matter jurisdiction grounds for remand. Because reversal of *Nessel* would still not excuse AG Moylan's tardiness, or the subject matter jurisdictional infirmities of this case, this factor likewise weighs against a stay. *See Berberich on behalf of 4499 Weitzman Place Tr. v. Kishner*, 217CV00818JCMVCF, 2017 WL 2600460, at *4 (D. Nev. June 14, 2017) (denying a stay where district court would still need to address numerous other issues in the case, finding that the pending opinion may not "significantly narrow the questions" pending before the court.).

Similarly, the fourth and final factor – docket efficiency and fairness to the parties – weighs against a stay. "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). A stay would not be fair to the Governor, whose claim will remain unresolved, endangering the status of dozens of OAG employees, and allowing AG Moylan's blatant violations of Guam law to continue unabated for 3.5 years of his 4-year term.[5]

In contrast, AG Moylan has not identified harm that would outweigh the potential harm to the Governor. Specifically, he asserts that he "would suffer hardship as the potential exists that if this Court remands, that (sic) the Superior Court, which is less expert in nuanced matters of federal law, and interpreting Congressional intent for its structure of government for the U.S. Territories,

---

[5] In his Motion to Stay, AG Moylan claims that the Governor would not suffer harm if a stay is issued because the issues Governor Leon Guerrero seeks to appoint a Special Prosecutor to investigate – the OAG's improper employment of unclassified employees, including AG Moylan's brother and fiancée – are "wholly within the scope of [AG Moylan's] discretion." Mot. to Stay, ECF No. 8 at 5-6. However, the very statute AG Moylan cites in support of this proposition, 5 GCA § 30121.1, provides that AG Moylan is authorized to hire personnel *in accordance with* Title 4. Title 4 in turn provides that the classified service includes all positions in the government of Guam other than enumerated positions, including elected officials, their first assistants, a single personal secretary and, in the case of AG Moylan, a single special assistant. 4 GCA § 4102. AG Moylan does not have *carte blanche* to employ unclassified employees without limitation.

implicated by this action could remove the Attorney General and set into motion an unsanctioned criminal prosecution without any support in the Organic Law or Guam statutory law." Mot. to Stay, ECF No. 8 at 6. The Attorney General's presumption that a federal forum is "better suited" to decide any questions involving the interpretation of federal law is inconsistent Supreme Court authority holding that state and territorial courts are competent to decide questions of federal law. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("…[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *See also King v. Morton*, 520 F.2d 1140, 1144 (D.C. Cir. 1975) (observing that Samoan courts are competent to adjudicate claims arising under the laws of the United States.). Despite AG Moylan's attempts to infantilize the courts of Guam, the Superior Court is competent to interpret any laws of the United States if such interpretation becomes necessary.

AG Moylan has not demonstrated "a clear case of hardship or inequity in being required to go forward," and there is a distinct and substantial possibility that "the stay for which he prays will work damage" to the Governor. *See Landis*, 299 U.S. at 255.

## II. CONCLUSION

The Ninth Circuit's clear mandate in *Kuxhausen* requires remand in this matter because AG Moylan's Notice of Removal was untimely, notwithstanding the pendency of *Nessel*. And AG Moylan has not met the stringent requirement for a *Landis* stay, even in the absence of the clear mandate from *Kuxhausen*. For these reasons, the Court should deny AG Moylan's Motion to Stay.

//

//

//

*Respectfully submitted* this 26th day of August, 2025.

                **OFFICE OF THE GOVERNOR OF GUAM**
                 **Office of Legal Counsel**

By:    */s/ Leslie A. Travis*
         **LESLIE A. TRAVIS**
         *Attorneys for Plaintiff*
         *Lourdes A. Leon Guerrero,*
         *Governor of Guam*

Page 8 of 8
Case 1:25-cv-00030     Document 15     Filed 08/26/25     Page 8 of 9

# CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

>Douglas B. Moylan
>Attorney General of Guam
>Office of the Attorney General of Guam
>134 W. Soledad Avenue
>Ste. 802 Bank of Hawaii Building
>Hagåtña, Guam 96910
>(671) 475-2710
>dbmoylan@oagguam.org
>
>William Lyle Stamps
>Assistant Attorney General
>Office of the Attorney General of Guam
>Civil Division
>134 W. Soledad Avenue, Ste. 302
>Hagåtña, Guam 96910
>(671) 475-2710
>lstamps@oagguam.org

*Respectfully submitted* this 26th day of August, 2025.

>OFFICE OF THE GOVERNOR OF GUAM
>Office of Legal Counsel
>
>
>By: ___/s/ Leslie A. Travis___
>    LESLIE A. TRAVIS
>    *Attorneys for Plaintiff*
>    *Lourdes A. Leon Guerrero,*
>    *Governor of Guam*