

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**

| | |
|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HAGAN GUAHAN*, GOVERNOR OF GUAM, in her official capacity,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, in his official capacity,<br><br>Defendant. | Civil Case No. 25-CV-00030<br><br>**Attorney General of Guam's Response to Motion to Remand and Memorandum of Law**<br><br>**(28 U.S.C. § 1447(c))** |

# TABLE OF CONTENTS

I. PROCEDURAL STANCE ........................................................................................ 1

II. INTRODUCTION.................................................................................................... 3

    A. The Attorney General Filed a Timely Notice of Removal Pursuant to 28 U.S.C. § 1446(b)(1) but This Court can Nonetheless Excuse a Tardy-Filed Notice Under Controlling Precedent ................................................................. 3

    B. The Attorney General Has Shown an Adequate Basis for Federal Question Jurisdiction Under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) .......................................... 7

    C. The Attorney General Has Shown Federal Question Jurisdiction Under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) Exists Where the Declaratory Action Below 'Necessarily Depends on the Resolution of Federal Law' ............................... 8

    D. The Attorney General Has Shown That He May Avail Himself of Federal Officer Jurisdiction Under 28 U.S.C. § 1442 ................................................. 10

III. CONCLUSION ..................................................................................................... 145

# TABLE OF AUTHORITIES

## CASES

Amancio v. DePerry,
*654 F. Supp. 3d 145 (D. Conn. 2023).* ........................................................................................11

Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone,
*197 F.3d 1003, 1008 (9th Cir.1999)* ..........................................................................................10

Cook Inlet Region, Inc. v. Rude,
*690 F.3d 1127, 1130 (9th Cir. 1990)* ............................................................................................9

Dunston v. Mapp, *672 F. App'x 213, 214 n.1. (3d Cir. 2016)* …………………………..8

Edmond v U.S.,
*520 US 65, 663 (1997),* ..............................................................................................................13

Empire Healthchoice Assurance, Inc. v. McVeigh,
*547 U.S. 677, 689-90 (2006).* ..................................................................................................2, 9

Enbridge Energy, L.P., et. al. v. Nessel, __ *S. Ct.* __,
*2025 WL 1787715 (June 30, 2025).* ..................................................................................... 2-3, 15

Grable & Sons Metal Products, Inc. v. Darue,
*545 U.S. 308, 312 (2005)* ..................................................................................................... 1, 7-8

Guam v. Guerrero,
290 F.3d 1210, 1216-1217 (9th Cir. 2002) ...................................................................... 7-9, 11

Haeuser v. Dep't of Law,
*97 F.3d 1152, 1156* .....................................................................................................................12

Kendall v. Russell,
*572 F. 3d 126, 131 n. 4 (3d Cir. 2009)* .........................................................................................8

Kuxhausen v. BMW Fin. Servs. NA LLC,
*707 F.3d 1136 (9th Cir. 2013).* .................................................................................................4, 6

Nessel v. Enbridge Energy, L.P., et. al.,
104 F.4th 958 (6th Cir. 2024) ................................................................................................ 2-3, 15

Valles v. Ivy Hill Corp.,
*410 F.3d 1071, 1075 (9th Cir. 2005)* ............................................................................................9

| | |
|---|---|
| *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147, 127 S. Ct. 2301, 2304–05, 168 L. Ed. 2d 42 (2007) | 12 |

CONSTITUTION AND STATUTES

| | |
|---|---|
| U.S. Constitution, Article II | 14 |
| U.S. Const. Art. II, Sec. 2, Clause 2 | 13 |
| U.S. Const. Art. IV | 11, 13 |
| 28 U.S.C. § 1442(a)(1) | 12 |
| 28 U.S.C. § 1446 | 3, 5, 6 |
| 28 U.S.C. § 1447 | 1 |
| 28 U.S.C. § 1447(c) | 1 |
| 48 U.S.C. § 1421 | *passim* |
| 48 U.S.C. § 1422(b) | 14 |
| 48 U.S.C. §§ 1421(g)(e) and (d)(1) | 10 |
| 48 U.S.C. §§ 1421g(d)(1) and (2) | 9 |
| 48 U.S.C.§ 1421g(d)(1) | 5, 11, 13 |
| 28 U.S.C. §§ 2201-2202 | 7 |
| 28 U.S.C. § 2403 | 1 |
| 5 GCA § 30101 | 11 |
| 5 GCA § 30101(c) | 7, 12, 14 |
| 5 GCA § 30104 | 5 |
| 7 GCA § 6107 | 3, 4 |

RULES AND REGULATIONS

| | |
|---|---|
| Federal Rules of Civil Procedure 5.1 | 2 |
| Federal Rules of Civil Procedure 12 | 2, 4 |
| Federal Rules of Civil Procedure 51 | 7 |
| Guam Rules of Civil Procedure 6 | 3 |
| Guam Rules of Civil Procedure 12 | 4 |
| Guam Rules of Civil Procedure 77 | 3 |

Defendant, ATTORNEY GENERAL OF GUAM ("**Attorney General**"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1447 and CVLR 7 hereby files[1] his Response to Plaintiff's LOURDES A. LEON GUERRERO, GOVERNOR OF GUAM'S ("**Governor's**") Motion to Remand [ECF 6] and Memorandum of Points and Authorities in Support of the Governor's Motion to Remand [ECF 6-1], urging this Court to deny the Governor's motion as the relief requested in the underlying Declaratory Action "necessarily depends on [the] resolution of a substantial question of federal law[,][2]" thereby vesting this Court with Federal Question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue,* 545 U.S. 308, 312 (2005*)* and Federal Officer jurisdiction under 28 U.S.C. § 1442, and as grounds therefore, Defendant states:

## I. PROCEDURAL STANCE

On July 14, 2025 the Attorney General filed a Notice of a Constitutional Challenge of a Federal Statute, which under 28 U.S.C.A. § 2403, this Court must now certify the Governor's challenge the Constitutionality of multiple provisions in Congress' 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A) ("**Organic Act**") respecting the powers and duties of the offices of Governor and Attorney General.  *Id.*  (*…wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all*

---

[1] The Attorney General files this Response in the context of extenuating circumstances outside its control set forth in its timely August 18, 2025 Motion for Extension of Time [ECF 9] to respond to the Governor's Motion to Remand requesting until September 4, 2025 to file that response.  After full briefing by the parties, on August 25, 2025, the Court issued an order granting in part and denying in part the motion allotting the Attorney General a 7-day extension until August 28, 2025.  [ECF 14]. In that same Order, the Court granted the Governor an extra 4 days until September 15, 2025 to file a reply where ordinarily a reply would be due on September 11, 2025 pursuant to CVLR 7.

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **1** of **17**

Case 1:25-cv-00030   Document 16   Filed 08/28/25   Page 5 of 20

*the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."*). Pursuant to Federal Rules of Civil Procedure 5.1(d), the United States Attorney General "*may intervene within 60 days after the notice is filed or after the court certifies the challenge.*" The United States has until September 12, 2025 to intervene. At this time, it is unknown when the Court will certify the Constitutional challenge. [ECF 3].

On July 31, 2025 the Governor filed its Motion to Remand and Memorandum in Support of Motion to Remand. [ECF 6, 6-1, and 6-2]. On August 1, 2025 the Attorney General filed a comprehensive Answer to Complaint with Affirmative Defenses and Counterclaim for Declaratory Relief [ECF 7]. On August 22, 2025 the Governor filed her Motion to Strike or to Dismiss Counterclaim, which response is due on September 12, 2025. [ECF 13]

On August 5, 2025, the Attorney General filed a Motion to Stay pending the resolution of the United States Supreme Court's decision in *Nessel v. Enbridge Energy, L.P., et. al., 104 F.4th 958 (6th Cir. 2024), cert granted, Enbridge Energy, L.P., et. al. v. Nessel, __ S. Ct. __, 2025 WL 1787715 (June 30, 2025) ("Nessel"),* which <u>directly</u> implicates a *dispositive* issue raised in this case by the Governor in her Motion to Remand [ECF 6] ("*Defendants Douglas B. Moylan, Attorney General of Guam ("AG Moylan"), and the Office of the Attorney General of Guam's ("OAG") [sic³] removal is untimely...*") and in her Memorandum of Points and Authorities in Support of Governor Leon Guerrero's Motion to Remand [ECF 6-1]. [ECF 8]. On August 26, 2025 the Governor filed her Memorandum in Opposition to Motion to Stay.

---

² *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).
³ Plaintiff has included the "*Office of the Attorney General of Guam*" in the caption and in its substantive argument. Plaintiff never sued the "Office of the Attorney General of Guam." The record does not support its inclusion on the caption or in the text of the arguments advanced in the Motion to Remand and, as such, this Court must *sua sponte* strike both assertions under Fed.R.Civ.P. 12(f) ("*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own...*").

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **2** of **17**

Case 1:25-cv-00030    Document 16    Filed 08/28/25    Page 6 of 20

[ECF 15]. Pursuant to CVLR 7, a reply is due on September 9, 2025.

## II. INTRODUCTION

This Court must deny the Governor's Motion to Remand because the Attorney General has set forth an adequate basis for Federal Question and Federal Officer jurisdiction in a timely fashion under 28 U.S.C. § 1446 and, *assuming arguendo*, that this Court finds a late-filed Notice of Removal such tardiness may be excused under 28 U.S.C. § 1446, the question of which is currently pending before the United States Supreme Court in *Nessel v. Enbridge Energy, L.P., et. al., 104 F.4th 958 (6th Cir. 2024), cert granted, Enbridge Energy, L.P., et. al. v. Nessel,* __ S. Ct. __, 2025 WL 1787715 (June 30, 2025). The four points raised in the Governor's Memorandum of Points and Authorities in Support of the Governor's Motion to Remand [ECF 6-1] fail to undercut the Attorney General's arguments that this Court take jurisdiction over this action.

### A. The Attorney General Filed a Timely Notice of Removal Pursuant to 28 U.S.C. § 1446(b)(1) but This Court can Nonetheless Excuse a Tardy-Filed Notice Under Controlling Precedent

*First*, the Attorney General did, in fact, file a timely Notice of Removal pursuant to 28 U.S.C. § 1446(b)(1)[4] because the entry of the June 23, 2025 Decision and Order Re: Defendant's Statement of Objection denying the AG Office's Statement of Objection effectively tolled the 30-day time limit, making the filing of the Notice of Removal due no later than July 22, 2025[5].

The facts support this reading of 28 U.S.C. § 1446(b)(1). *Note* 7 G.C.A. § 6107. *First*, the May 21, 2025 Order Declaring Moot Defendant's Motion to Dismiss and Plaintiff's Motion

---

[4] 28 U.S.C. § 1446(b)(1) reads, in part, that the "*notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...*"

[5] The sixtieth day falls on Sunday, July 20, 2025, followed by Liberation Day on Monday, July 21, 2025, which is a recognized holiday. By operation of GRCP 6(a) and 77(c), the due date would be Tuesday, July 22, 2025.

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **3** of **17**

Case 1:25-cv-00030    Document 16    Filed 08/28/25    Page 7 of 20

for Leave to Amend Summons reads that "*Plaintiff [would] serve a corrected Summons on Defendants as soon as possible [and that] Defendants would have sixty (60) days from the date of service to respond to the Summons.*"  This holding clearly acknowledges that the AG's Office is a <u>government agency</u> entitled and subject to a 60-day summons.  *See* GRCP 12(a) ("*The government of Guam or an officer or agency thereof shall serve ... with 60 days of after the service upon the Attorney General or appropriate agency counsel of the pleading in which the claim is asserted.*").  Therefore, the Attorney General had until July 22, 2025 to respond to the Complaint by perhaps filing a motion to dismiss under Rules 12(b)(5) and (6) based upon the Unconstitutionality of the relief sought by the Governor pursuant to the Organic Act.  *Second*, once it received the "corrected" summons and the Complaint on or about May 21, 2025 – on that same date – the Attorney General filed its Notice of Objection to the judge presiding over the case, which was not denied until June 23, 2025.  During the pendency of the Notice of Objection, the case could not progress, effectively acting as a stay of the action.  *See* 7 G.C.A. § 6107 (procedure for disqualification).  During the pendency of the Notice of Objection, there was no court to adjudicate the dispute further.  *Id*.  Accordingly, that period of time cannot be counted toward the 30-day Notice of Removal time limit.  Under this computation, the Notice of Removal would be timely on July 22, 2025.  The Attorney General filed the Notice of Removal on July 17, 2025, well in advance of the deadline. [ECF 1].

However, *assuming arguendo*, such filing did not occur within the 30-day period of 28 U.S.C. § 1446(b)(1), a tardy-filing could be excused as the Ninth Circuit Court of Appeals recognizes that the time limitations of this rule are not jurisdictional but rather procedural. *See Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136 (9th Cir. 2013).

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **4** of **17**

Case 1:25-cv-00030     Document 16     Filed 08/28/25     Page 8 of 20

The Governor clearly considers the untimeliness argument under 28 U.S.C. § 1446(b)(1) critical to the likeliness of success on its Motion to Remand as she devotes 35% of its argument section to this procedural avoidance of the merits regarding the Inorganic illegality, as contended by the Attorney General, of "*seeking a declaration that the Office of the Attorney General ("OAG") is unavailable to investigate or prosecute Defendant Douglas B. Moylan ("AG Moylan") and Chief Deputy Attorney General ("CDAG") Joseph Guthrie for potential crimes due to a conflict of interest, and that Governor Leon Guerrero is authorized to appoint a Special Assistant Attorney General ("SAAG") and a Special Prosecutor to perform these duties.*" [ECF 6-1, p. 8]. The U.S. Congress' Organic Act of Guam designates for its U.S. Territory of Guam, the Attorney General of Guam as the sole "*Chief Legal Officer of the Government of Guam.*" 48 U.S.C.§ 1421g(d)(1). Further, the Legislature of Guam likewise designates the Attorney General of Guam as the sole prosecutor as allowed for by the U.S. Congress. 5 GCA § 30104 ("*The Attorney General shall have cognizance of all matters pertaining to public prosecution, including the prosecution of any public officials.*"). See also 48 U.S.C. § 1421g(c). No specific provision in Congress' Organic Act of Guam under the Guam Code grants the judiciary the power to remove a democratically-elected Attorney General mid-term, thus disenfranchising Guamanian (U.S. Territorial) voters, and to designate the Governor to appoint a successor except, of course, by means of the proverbial ballot box in a duly convened democratic election.

In its Memorandum of Points and Authorities in Support of Governor Leon Guerrero's Motion to Remand, the Governor argues that the Notice of Removal [ECF 1] filed by the Attorney General was untimely under 28 U.S.C. § 1446(b)(1).[6] [ECF 6-1, pp. 13-14].

---

[6] "Title 28 U.S.C. § 1446 provides in relevant part that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **5** of **17**

Case 1:25-cv-00030   Document 16   Filed 08/28/25   Page 9 of 20

Accordingly, the *Governor concedes that our Ninth Circuit Court of Appeals considers,* "the statutory time limit for removal in Section 1446 [ ] procedural rather than jurisdictional," **which is *precisely*** the legal question that the United States Supreme Court is considering in Nessel, __ S. Ct. __, 2025 WL 1787715 (June 30, 2025). Later, the Governor also admits that "the question presented [in Nessel] is "[w]hether district courts have the authority to excuse the thirty-day procedural time limit for removal in 28 U.S.C. § 1446(b)(1)." *[ECF 6-1, p. 16]. Based on the Governor raising the question of timeliness and urging the Court to remand on this basis, the Attorney General filed his Motion to Stay pending the resolution of* Nessel.

The Attorney General timely filed his Motion to Stay to avoid irreparable harm to the administration of justice in Guam that would otherwise ensue were this Court to remand to the Superior Court (a court less acquainted with federal jurisprudence than this Court), which would then consider federal law in the context of issuing a declaration permitting the Governor to appoint a Special Assistant Attorney General and a Special Prosecutor to investigate or prosecute the Attorney General and Chief Deputy Attorney General for potential crimes due to an alleged conflict of interest. The Governor repeatedly suggests that the removal of the Attorney General is a benign prophylactic measure to allow for his and Mr. Guthrie's criminal investigation but, as a practical matter, such an encumbrance on this Attorney General would effectively and illegally remove him from his elected office. Notably, even before the Governor's lawsuit, this Attorney General since his taking office in January 2023 was investigating and prosecuting persons within this Governor's Administration, with many of the

---

pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1). The 30-day removal clock begins to run when the pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). While the Ninth Circuit Court of Appeals recognizes the statutory time limit for removal in Section 1446 is procedural rather than jurisdictional, the time limit "is mandatory and a timely objection to a late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citation omitted). *See* Motion, pp. 13-14. [ECF 6-1]

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **6** of **17**

Case 1:25-cv-00030     Document 16     Filed 08/28/25     Page 10 of 20

investigations arising from the democratically-elected Public Auditor. Note 48 U.S.C. § 1421g(c) (Public Auditor an Organic Act Office like Governor and Attorney General). Removing the Attorney General in the manner that the Governor urges the Judiciary would run afoul of Congress' design of the structure of the government for this U.S. Territory as set forth under its Organic Act, and Guam law which prescribes the exclusive remedy for removal of a sitting elected Attorney General being identical to that of the Governor. 48 U.S.C. § 1421g(d)(2) (removal of Attorney General set by Legislature of Guam alone); 5 GCA § 30101(c) (removal of Attorney General in same manner as Governor, which is by recall only, not by criminal prosecution or otherwise as urged by the Governor).

### B. The Attorney General Has Shown an Adequate Basis for Federal Question Jurisdiction Under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005)

*Second, the Attorney General has stated an adequate basis for subject matter jurisdiction.* This Court is properly vested in <u>original</u> jurisdiction because: (i) the Declaratory Action below could have been filed in this Court, see 28 U.S.C. §§ 2201 and 2202, and FRCP 51 (federal declaratory judgment statutes and rule); and (ii) the two remedies sought by the Governor directly implicate Federal Question jurisdiction as they call for the interpretation of the U.S. Congress' Organic Act of Guam. *See Guam v. Guerrero,* 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ("'While § 1421(b) might function as a constitution, *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ('The Organic Act serves the function of a constitution for Guam.'), it remains quite unlike a constitution of a sovereign State. **Guam is a federal instrumentality**, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **7** of **17**

Case 1:25-cv-00030     Document 16     Filed 08/28/25     Page 11 of 20

provision in a way contrary to the interpretation given it by the U.S. Supreme Court.'") (emphasis added).[7]

This Court possesses original jurisdiction over this action because the remedies sought by the Governor directly implicate Federal Question jurisdiction as they call for the interpretation of Congress' Organic Act of Guam, a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) (While '[t]he Organic Act serves the function of a constitution for Guam … it remains quite unlike a constitution of a sovereign State. Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional provision in a way contrary to the interpretation given it by the U.S. Supreme Court.").[8] Accordingly, § 1331 jurisdiction is clearly present and the Motion to Remand should correctly be denied.

### C. The Attorney General Has Shown Federal Question Jurisdiction Under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) Exists Where the Declaratory Action Below 'Necessarily Depends on the Resolution of Federal Law'

*Third*, the Governor's narrow reading of jurisdiction suggests that this Court may only take jurisdiction where the underlying claim arises from federal law. Controlling precedent, however, clearly establishes that this Court may be vested with Federal Question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue,* 545 U.S.

---

[7] In a very similar factual scenario, the Virgin Islands Governor attempted to remove a territorial judge (Dunston) from office in violation of the Revised Organic Act. The District Court in the Virgin Islands properly ruled it had jurisdiction, and granted declaratory relief precluding the Virgin Island's Governor's illegal actions. *See Dunston v. Mapp*, 672 F. App'x 213, 214 n.1. (3d Cir. 2016) ("the District Court had federal question jurisdiction over the interpretation of the [Virgin Islands] Revised Organic Act—a federal law—pursuant to 28 U.S.C. § 1331."); *Kendall v. Russell*, 572 F. 3d 126, 131 n. 4 (3d Cir. 2009) ("As the ROA is a federal statute, the District Court had federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331.").

[8] *See also Sakamoto v. Duty Free Shoppers, Ltd*., 764 F.2d 1285, 1286 (9th Cir. 1985) ("the Government of Guam is in essence an instrumentality of the federal government.*"); IT & E Overseas, Inc. v. RCA Glob. Commc'ns, Inc.*, 747

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **8** of **17**

Case 1:25-cv-00030    Document 16    Filed 08/28/25    Page 12 of 20

308, 312 (2005), if the underlying action "**necessarily depends on [the] resolution of a substantial question of federal law**." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006) (emphasis added). The relief sought by the Governor directly implicates Federal Question jurisdiction as it calls for the interpretation of Congress' Organic Act of Guam, a federal congressional act that serves as Guam's constitution, on the question of under which circumstances, and how can a democratically-elected Attorney General be removed from office. *See Guam v. Guerrero,* 290 F.3d 1210, 1216-1217 (9th Cir. 2002).

The inorganic and legislatively-unsupported remedy sought by the Governor vests this Court with Federal Question jurisdiction. "In order to prove that federal question jurisdiction exists, Plaintiff's complaint must demonstrate that federal law created his cause of action, "or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude,* 690 F.3d 1127, 1130 (9th Cir. 1990) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006). The Governor seeks "a declaration that the Office of the Attorney General ("OAG") is unavailable to investigate or prosecute Defendant Douglas B. Moylan ("AG Moylan") and Chief Deputy Attorney General ("CDAG") Joseph Guthrie for potential crimes due to a conflict of interest, and that Governor Leon Guerrero is authorized to appoint a Special Assistant Attorney General ("SAAG") and a Special Prosecutor to perform these duties." [ECF 6-1, p. 8].

The Complaint clearly seeks relief on its face that would require this Court to make determinations on federal law, to wit: the U.S. Congress' Organic Act of Guam 1998 creation, empowerment and specific grounds for the Attorney General's removal. *See Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005) (federal question jurisdiction is garnered from the

---

F. Supp. 6, 13 (D.D.C. 1990) ("the Ninth Circuit—the Circuit that has jurisdiction over Guam—has consistently chosen to treat Guam as a federal entity.").

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **9** of **17**

Case 1:25-cv-00030     Document 16     Filed 08/28/25     Page 13 of 20

face of the complaint). *See also* 48 U.S.C. §§ 1421g(d)(1) and (2). Specifically, it seeks to remove the Attorney General from his democratically-elected Office, and then have the Governor (conveniently) name his successor, in a manner not allowed for by the U.S. Congress. This is more than sufficient to provide federal jurisdictional grounds. *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone,* 197 F.3d 1003, 1008 (9th Cir.1999*)* (Even if a claim is later dismissed on the merits, the assertion of a federal claim or substantive federal question "suffices to establish federal question jurisdiction" for removal purposes). Accordingly, § 1331 jurisdiction is clearly present, and their Motion to Remand should be denied.

### D. The Attorney General Has Shown That He May Avail Himself of Federal Officer Jurisdiction Under 28 U.S.C. § 1442

*Fourth*, the Attorney General of Guam is an officer created by the U.S. Congress and a federal instrumentality under the Organic Act, which should be construed as an agency or officer for purposes of removal and/or a person acting under a United States agency of officer, in this case the United States Congress. The Governor's arguments to the contrary result from a cramped and overly-narrow view of 28 U.S.C. § 1442, and fails to recognize the distinction between state officials (officials of a sovereign entity) and officials in Guam, a U.S. Territory. Guam is not a sovereign state, but instead has only the powers allowed to it by the United States Congress, as set forth in the Organic Act. The Attorney General is a position created and empowered by the U.S. Congress, compared to positions that may be created by the Legislature of Guam. The fact that the U.S. Congress expressly and recently took the creation of the position from the Legislature of Guam in 1998, and elevated it to be within Congress' Organic Act of Guam to serve as both the Chief Legal Officer and Chief Law Enforcement Officer reflects its importance to the structure and design created by Congress on how the Territory of Guam should function and operate. 48 U.S.C. §§ 1421(g)(e) and (d)(1) (Attorney General shall

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **10** of **17**

Case 1:25-cv-00030     Document 16     Filed 08/28/25     Page 14 of 20

is both the Chief Legal Officer and Public Prosecutor until such time as Legislature of Guam separates the positions, which it has not done.).

The Attorney General's Office is a creation of the Organic Act. *See* 48 U.S.C. § 1421g(d)(1) ("The Attorney General of Guam shall be the Chief Legal Office of the Government of Guam."). The elevation of the Office to the Organic Act prevents the Legislature of Guam from removing the position. It shall exist, and it shall contain the powers and authorities associated with Chief Legal Officer and Chief Law Enforcement Officer. *Id*. 48 U.S.C. § 1421g(c). This provision when read in *pari materia* with *Guam v. Guerrero,* 290 F.3d 1210, 1216-1217 (9th Cir. 2002), can lead to no other conclusion but that the Attorney General of Guam's Office, just like the Office of the Governor of Guam, are federal instrumentalities. This provision allows for the democratic election of the Attorney General of Guam, which the Guam Legislature codified, thus enfranchising the voters of Guam and setting forth Congress' intention for how its U.S. Territory shall operate so long as it remains a property of the United States. *See* 5 G.C.A. § 30101 (*establishment of the elected Office of the Attorney General*). U.S. Const. art. IV, § 3, cl.2 (Properties Clause).

The position of Attorney General of Guam was not created by the Legislature of Guam, and is critical to the structural design of government by the U.S. Congress. In this instance, the Attorney General of Guam is being sued for actions taken under color of office under the Organic Act, namely acting as "the Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1). The Governor is suing the Attorney General because he is doing "what he was asked to do by the government," namely, acting as the Chief Legal Officer of the Government of Guam. *See Amancio v. DePerry,* 654 F. Supp. 3d 145 (D. Conn. 2023). A co-office created by Congress (*whose administration is under active investigation and prosecution*

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **11** of **17**

Case 1:25-cv-00030   Document 16   Filed 08/28/25   Page 15 of 20

*by Guam's only public prosecutor*) seeks to investigate and remove another officer without Congressional authority to do so. Indeed, the Attorney General is acting on, and being sued by the Governor, "on account of [his] right, title or authority claimed under any Act of Congress" over personnel matters on how he has chosen to effectuate his duties required by federal and local laws. 28 U.S.C. § 1442(a)(1). Congress determined that "*the Attorney General may be removed by the people of Guam according to the procedures specified in Section 1422d of this title or may be removed for cause in accordance with procedures established by the legislature* [of Guam] *in law*." 48 U.S.C. § 1421g(d)(2); 5 GCA § 30101(c). The U.S. Congress, not the Governor or Legislature of Guam, gave the Attorney General his duties. Accordingly, the liberal removal standard (and not the standard placing the burden on the party to remove an action) must apply to the instant matter in order to allow the Attorney General to defend the federal duties that Congress placed upon the Attorney General. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147, 127 S. Ct. 2301, 2304–05, 168 L. Ed. 2d 42 (2007) (*this Court has made clear that the statute must be "liberally construed."*).

Nevertheless, the Governor filed the instant proceeding seeking the *de facto* removal of the Attorney General from office, whether in whole or in part, in violation of the Organic Act of Guam, distracting him from fully performing his duties, using her federal position also created by the U.S. Congress. Notably, the U.S. Congress through enacting the Organic Act of Guam, as amended, neither provided for, nor authorized anyone, whether the Governor or an autonomous executive agency, to appoint Special Assistant Attorney Generals, or special investigators or special prosecutors to replace, in whole or in part, this federally-created and empowered office of Attorney General of Guam. The motion to remand should properly be denied.

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **12** of **17**

Case 1:25-cv-00030    Document 16    Filed 08/28/25    Page 16 of 20

Alternatively, the Governor's position that the Attorney General is not a Federal Officer fails because a good faith argument can be advanced that the Office of the Attorney General of Guam qualifies as a federal officer. As such, the Attorney General can properly avail himself of Federal Officer jurisdiction under 28 U.S.C. § 1442. The Attorney General was not created by the Legislature of Guam, it was the U.S. Congress that requires this position to be filled to serve Congress' duty to manage its U.S. Territory of Guam. U.S. Const. Art. IV, § 3, cl.2; 48 U.S.C. § 1421g(d)(1). Having been established by Congress' Organic Act of Guam and subject to general supervision by the appointed office of the United States Secretary of the Interior[9] qualifies the Attorney General as an "inferior officer" under the Appointments Clause of the U.S. Constitution. *See* U.S. Const. Art. II, Sec. 2, Clause 2 ("…*but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of law, or in the Heads of Departments.*"). The Attorney General contends, in good faith, that any officeholder of the Office of the Attorney General of Guam qualifies as a federal officer subject to 28 U.S.C. § 1442 under *Edmond v U.S.*, 520 US 651, 663 (1997). In *Edmond*, Justice Scalia wrote that: "the term 'inferior officer' connotes a relationship with some higher ranking officer or officers below the President." *Edmond v. United States*, 520 U.S. 651, 662, 117 S. Ct. 1573, 1580, 137 L. Ed. 2d 917 (1997). An important and open question exists whether an officeholder of the Office of the Attorney General of Guam qualifies as an inferior officer who qualifies for Federal Officer jurisdiction under 28 U.S.C. § 1442, as under the

---

[9] *See* 48 U.S.C. § 1421a ("*Guam is hereby declared to be an unincorporated territory of the United States and the capital and seat of government thereof shall be located at the city of Agana, Guam. The government of Guam shall have the powers set forth in this Act, shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers. The government of Guam shall consist of three branches, executive, legislative, and judicial, and its relations with the Federal Government in all matters not the program responsibility of another Federal department or agency, <u>shall be under the general administrative supervision of the Secretary of the Interior</u>.*"). (emphasis supplied by counsel).

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **13** of **17**

Case 1:25-cv-00030    Document 16    Filed 08/28/25    Page 17 of 20

power and direction of the Secretary of the Interior, Congress or otherwise.[10] The Attorney General contends that the text of the Organic Act clearly and plainly establishes him as a Federal Officer. To read that section otherwise confounds the principles of federalism, and how federal properties are managed, and the role that positions created by Congress function.

Accordingly, based on the above and principles of federalism, this Court should properly reject the Governor's position that the Attorney General cannot avail himself of Federal Officer jurisdiction under 28 U.S.C. § 1442.

### III. CONCLUSION

The Governor's request for relief constitutes an unconstitutional attempt to amend an Act of the U.S. Congress. If the judiciary grants the Governor's unconstitutional request for relief by ignoring clear language respecting the powers and duties of an Attorney General, and how such an officer may be lawfully removed; and, further, by granting the Governor a power that has never been granted under any federal or local governing statute, such action would inexorably alter the intended Congressional structure and design of the U.S. territorial government of Guam and the delicate balance of power intended by the U.S. Government and codified in the U.S. Congress' Organic Act of Guam for its proper functioning.

Neither federal law (48 U.S.C. § 1421g) nor local Guam law (5 GCA § 30101(c)) authorizes any of the relief sought by the Governor.[11] Read together, these fundamental laws expressly provide for the *exclusive* remedy by the U.S. Congress of removal by means of recall.

---

[10] Similarly, an open question exists whether an "inferior officer" can be impeached by Congress, to wit: fall within Article II, Section 4 of the U.S. Constitution ("*The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.*").

[11] Title 5 Guam Code Annotated § 30101(c) expressly delineates that an Attorney General of Guam may only be removed "*in the same manner as provided under the Organic Act of Guam for the removal of the [Governor].*" 48 U.S.C. § 1421g provides that the "*Attorney General may be removed by the people of Guam.... or may be removed for cause in accordance with procedures established by the legislature in law.*" 48 U.S.C. § 1422(b) provides that a Governor "*may be removed from office by referendum election .... In favor of a recall.*"

Case 1:25-cv-00030   Document 16   Filed 08/28/25   Page 18 of 20

Moreover, there remains no authority for the Attorney General, who is Congress' designated Chief Legal and Chief Law Enforcement Officer to be investigated for alleged personnel matters and what to do if anything becomes of that investigation. Accordingly, the relief sought by the Governor poses a serious constitutional challenge to the U.S. Congress' 1950 Organic Act of Guam, as amended.

## PRAYER

**WHEREFORE** on the grounds set forth above and in his Notice of Removal [ECF 1], the Attorney General respectfully requests that this Honorable Court deny the Motion to Remand, and exercise its jurisdiction in order to both protect the federal duties that the Guam Attorney General is required to perform under the Organic Act of Guam as mandated by the U.S. Congress, and to resolve the substantial questions of federal law raised by the Governor's Declaratory Action including, but not limited to, entering an initial stay until such time as the United States Supreme Court resolves *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4th 958 (6th Cir. 2024), *cert granted*, *Enbridge Energy, L.P., et. al. v. Nessel,* __ S. Ct. __, 2025 WL 1787715 (June 30, 2025).

**Respectfully submitted** this 28th day of August, 2025.

        **OFFICE OF THE ATTORNEY GENERAL**
        Douglas B. Moylan, Attorney General of Guam

        */s/ W. Lyle Stamps*
        **WILLIAM LYLE STAMPS**
        Assistant Attorney General

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **15** of **17**

Case 1:25-cv-00030   Document 16   Filed 08/28/25   Page 19 of 20

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov

**JEFFREY A. MOOTS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
jeffrey.moots@guam.gov

**Respectfully submitted** this 28th day of August, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00030
Page **16** of **17**

Case 1:25-cv-00030  Document 16  Filed 08/28/25  Page 20 of 20