

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | | |
|---|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HAGAN GUAHAN*, GOVERNOR OF GUAM, in her official capacity, | ) ) ) ) | Civil Case No. 25-cv-00030 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **Attorney General of Guam's Reply to Opposition to Motion to Stay and Memorandum of Law** |
| DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, in his official capacity, | ) ) ) ) | |
| Defendant. | ) ) | |

Defendant ATTORNEY GENERAL OF GUAM ("Attorney General"), by and through undersigned counsel, and pursuant to CVLR 7, replies to Plaintiff LOURDES A. LEON GUERRERO's ("Governor's") Opposition to Attorney General's Motion to Stay [ECF 15][1] and

---

[1] In this filing Plaintiff acknowledges that "[i]n her Motion to Remand and Proposed Order re: Motion to Remand, Governor Leon Guerrero inadvertently included the Office of the Attorney General ("OAG") in the case caption as a defendant. The OAG is not a party in this matter, and the Court may disregard the inadvertent reference to the OAG as a defendant." Opp. Mot. Stay, ECF 15 at 2 & n. 1; *See* Mot. Remand, ECF No. 6. This admission of error in the caption, however, does not address the inclusion of the "*Office of the Attorney General of Guam*" in the text

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **1** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 1 of 8

reiterates the necessity of entering a stay of this action pending the United States Supreme Court's decision in *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4th 958 (6th Cir. 2024), *cert granted*, *Enbridge Energy, L.P., et. al. v. Nessel*, __ S. Ct. __, 2025 WL 1787715 (June 30, 2025), which directly examines an identical *dispositive* issue raised by Plaintiff's Motion to Remand [ECF 6] ("*Defendants Douglas B. Moylan, Attorney General of Guam ("AG Moylan"), and the Office of the Attorney General of Guam's ("OAG") [sic] removal is untimely...*") and in her Memorandum of Points and Authorities in Support of Governor Leon Guerrero's Motion to Remand[2] [ECF 6-1]. As grounds therefore, Defendant Attorney General states:

# I.

# INTRODUCTION

Plaintiff opened the door to Defendant's request for a stay when Plaintiff argues that this Court grant its Motion to Remand by finding Defendant filed an untimely Notice of Removal under 28 U.S.C. § 1446(b)(1). [ECF 6-1, at 13-14]. Defendant contends it filed a timely Notice of Removal, argument *infra*, but that, alternatively, district courts can excuse the thirty-day time limit in 28 U.S.C. § 1446(b)(1) because it is a procedural rule. Plaintiff acknowledges the Ninth Circuit Court of Appeals considers "the statutory time limit for removal in Section 1446 [ ] procedural rather than jurisdictional." Opp. to Mtn. to Stay, ECF 15, at 2. It also admits that "the question presented [in *Nessel*] is "[w]hether district courts have the authority to excuse the thirty-day procedural time limit for removal in 28 U.S.C. § 1446(b)(1)."" [ECF 6-1, at 16]. Yet, to defeat the clear implication of *Nessel* here, it relies on dicta found in *Kuxhausen v. BMW Fin.*

---

of the arguments advanced in the Motion to Remand and, as such, this Court must *sua sponte* strike that still unaddressed assertion under Fed. R. Civ. P. 12(f) ("*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own...*").
[2]

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 2 of 8

*Servs. NA LLC*, 707 F.3d 1136, 1142, n.4[3] (9th Cir. 2013), a diversity jurisdiction removal decision interpreting the Class Action Fairness Act, to assert that the Ninth Circuit requires blind adherence to the thirty-day time limit. Opp. to Mtn. to Stay, ECF 15, at 2. In contrast, our action involves the assertion of federal question and federal officer jurisdiction. If the Court were to find the Notice of Removal untimely, it should enter a stay on the admittedly relevant and dispositive question in *Nessel*: "Whether district courts have the authority to excuse the thirty-day procedural time limit for removal in 28 U.S.C. § 1446(b)(1)."

However, Defendant did, in fact, file a timely Notice of Removal on July 1, 2025.

*First*, the May 21, 2025 Superior Court Order Declaring Moot Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend Summons ruled that "Plaintiff [would] serve a corrected Summons on Defendants as soon as possible [and that] Defendants would have sixty (60) days from the date of service to respond to the Summons." Under this calculation, the Notice of Removal would have been timely filed on or before July 22, 2025[4].

*Second*, the entry of the June 23, 2025 Decision and Order Re: Defendant's Statement of Objection denying the AG Office's Statement of Objection tolled the thirty-day time limit in § 1446(b)(1)[5]. Defendant filed its Notice of Objection to the presiding judge on May 21, 2025, the same date Plaintiff delivered the corrected summons and the Complaint on or about May 21, 2025. During the pendency of the Notice of Objection, the case could not progress, effectively acting as a stay of the action. Accordingly, that period of time cannot be counted toward the

---

[3] It actually does not cite to the footnote but that is where the quote appears.
[4] The sixtieth day falls on Sunday, July 20, 2025, followed by Liberation Day on Monday, July 21, 2025. By operation of GRCP 6(a) and 77(c), the due date would be Tuesday, July 22, 2025.
[5] 28 U.S.C. § 1446(b)(1) reads, in part, that the "*notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…*"

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **3** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030     Document 18     Filed 09/09/25     Page 3 of 8

thirty-day limit in § 1446(b)(1). Under this computation, the Notice of Removal would have been timely filed on or before July 23, 2025 (30 days from the entry of this Order).

*Third*, assuming the action was not removable on its face as contended by Plaintiff, the thirty-day time limit did not begin until Defendant was served with the June 23, 2025 Order because at that point Defendant could decide whether to file a motion to dismiss on jurisdictional grounds thereby avoiding the need to file a notice of removal. *See* 28 U.S.C. § 1446(3) ("… if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, <u>order</u> or other paper from which it may first be ascertained that the case is one which is or have become removable."); *See also Firtsch v. Swift Transp. Co. of Ariz, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (citing rule with approval). Under this calculation, the Notice of Removal would have also been timely filed on or before July 23, 2025.

## II.

## ARGUMENT

The four points raised in Plaintiff's Opposition to Attorney General's Motion to Stay [ECF 15] do not support denying Defendant's Motion to Stay:

*First*, Plaintiff's argument that a stay would be unreasonably indefinite is speculative as no one can predict when the United States Supreme Court will issue a decision in *Nessel*. [ECF 15 at 4-5]. Defendant proposes that the Court enter a stay for a finite period of time at which point it can revisit the continued need for a stay. This Court possesses inherent power to enter a stay (or multiple successive stays) of proceedings of any length pending resolution of *Nessel* by the United States Supreme Court:

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 4 of 8

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *See also Seefeldt v. Entertainment Consulting International, LLC*, 441 F. Supp.3d 775, 779 (E.D. Missouri 2020) (court granted a stay of an action pending the resolution of an unrelated case granted *certiorari* by the United States Supreme Court on an issue dispositive to action).

*Second*, this Court should reject Plaintiff's argument that stays are more appropriately entered in actions involving money damages. In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-290 (1995), the High Court affirmed a stay of a declaratory action pursuant to a district court's inherent powers to enter a stay based on the impact of related litigation. The lower court in *Wilton v. Seven Falls Co.*, 41 F.3d 934 (5th Cir. 1994) entered a stay because of pending state proceedings relevant to the issues in the action. Analogously, a stay may be entered on the declaratory action filed by the Plaintiff here because *Nessel* directly relates to a dispositive issue relevant to the Court's proper consideration of the Plaintiff's Motion to Remand. Plaintiff's attempts to shoehorn reliance upon *McCollough*, 2010 WL 441533, at *4, a District Court of Montana decision that seemingly distinguishes *CMAX, Inc. v. Hall,* should be rejected as inapposite to the issues presented in this action. [ECF 15 at 5].

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030    Document 18    Filed 09/09/25    Page 5 of 8

*Third*, if this Court finds, as urged by Plaintiff in its Motion to Remand that Defendant filed an untimely Notice of Removal, then logically the U.S. Supreme Court's decision in *Nessel* will impact its decision on remand. If this Court remands under these circumstances, before a final decision establishing an equitable tolling safe harbor for late filings under 28 U.S.C. § 1446(b)(1), Defendant will suffer harm as he will be unable to avail himself of that ruling. Further, he might even suffer the ignominy of an unjust criminal prosecution and the unlawful removal from his elected office through judicial fiat.

*Fourth*, Defendant agrees with Plaintiff that this Court should exhibit fairness to the parties. Plaintiff asserts as fact, without a declaration[6] as required by CVLR 7(b), that "[a] stay would not be fair to the Governor, whose claim will remain unresolved, endangering the status of dozens of OAG employees, and allowing AG Moylan's blatant violations of Guam law to continue unabated for 3.5 years of his 4-year term." [ECF 15 at 6]. These are serious accusations for which this Court cannot take judicial notice. Interestingly, the "*unfairness to OAG employees*" cuts in favor of them, by their receiving <u>more money</u> than they would otherwise be entitled to under the Governor's reading of this personnel dispute matter. Which AG's Officde employees are endangered? Without a declaration, it is impossible to address these smears. Regarding fairness to the Attorney General, Plaintiff's declaratory action makes clear she intends to remove him from office and prosecute him for alleged crimes. *That* is real harm that cannot be remedied retroactively should the Court deny the Motion to Stay.

---

[6] This rule plainly states that "[i]f a motion, response or reply requires consideration of facts not appearing of record, the movant or opponent shall also serve and file copies of all affidavits, <u>declarations</u>, photographic or other evidence presented in support of or in opposition to the motion." The factual allegations violate this Court's rules and should properly be struck.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 6 of 8

# PRAYER

**WHEREFORE,** based on its Motion to Stay and the above, the Attorney General of Guam respectfully requests that the above-described civil action be judiciously *stayed* until such time as the United States Supreme Court resolves *Nessel v. Enbridge Energy, L.P., et. al.,* 104 F.4th 958 (6th Cir. 2024), *cert granted*, *Enbridge Energy, L.P., et. al. v. Nessel*, __ S. Ct. __, 2025 WL 1787715 (June 30, 2025).

**Respectfully submitted** this 9th day of September, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*w. lyle stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **7** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov

**JEFFREY A. MOOTS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
jeffrey.moots@guam.gov

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*w. lyle stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **8** of **8**
*Attorney General of Guam's Reply to Opposition to Motion to Stay & Memorandum of Law*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 18   Filed 09/09/25   Page 8 of 8