LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

***Attorneys for the Honorable Lourdes A. Leon Guerrero***
***Governor of Guam***

**IN THE UNITED STATES DISTRICT COURT OF GUAM**

**LOURDES A. LEON GUERRERO**, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,

Plaintiff,

v.

**DOUGLAS B. MOYLAN**, ATTORNEY GENERAL OF GUAM, *in his official capacity*,

Defendant.

**CASE NO. 25-CV-00030**

Removed from the Superior Court of Guam
Case No. CV0190-25

**REPLY MEMORANDUM IN SUPPORT OF GOVERNOR LEON GUERRERO'S MOTION TO REMAND**
**(28 U.S.C. § 1447(c))**

In his Response to Plaintiff Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Governor of Guam's Motion to Remand, filed on August 28, 2025, Defendant Douglas B. Moylan, Attorney General of Guam ("AG Moylan") strains to justify his untimely removal of this matter, in which no federal question has been raised, and no alternative basis for jurisdiction exists. AG Moylan's Response has no merit, and this matter should be remanded.

## I. ARGUMENT

### A. AG Moylan's removal notice was untimely.

In his Response, AG Moylan insists that he did not miss the deadline to file his Notice of Removal, and the removal clock was tolled by the filing of his Notice of Objection to Judge Terlaje.[1] Response, ECF No. 16 at 7. Specifically, he contends that "[d]uring the pendency of the Notice of Objection [to Judge Terlaje,] there was no court to adjudicate the dispute further…[a]ccordingly, that period of time cannot be counted toward the 30-day Notice of Removal time limit." *Id.* at 8. AG Moylan has failed to cite authority to support this claim. In fact, his position is contrary to the plain language or 28 U.S.C. § 1446, which provides that the removal

---

[1] In her Memorandum in Support of Motion to Remand, Governor Leon Guerrero argued that, pursuant to 28 U.S.C. § 1446(b)(1), AG Moylan's removal clock began at the time he was served with the Governor's initial summons and complaint on March 18, 2025, because, notwithstanding the inaccurate response time noted in the initial summons, the Complaint "set forth the claim for relief upon which such action or proceeding is based." Mem. P. & A. Mot. Remand, ECF No. 6-1, at 14. As Governor Leon Guerrero further explained, though she ultimately filed an amended summons, noting the corrected response date, the complaint served on March 18th contained claims AG Moylan asserts support removal, and he was therefore required to file his Notice of Removal within 30 days thereof, on April 17, 2025. *Id.*

In his Response, AG Moylan argued that he was entitled to a 60-day summons, which means he had until July 22, 2025 to respond to the Complaint, including by filing a motion to dismiss. Response, ECF No. 16 at 8. While Governor Leon Guerrero does not dispute that AG Moylan is entitled to a 60-day deadline to respond to her Complaint whether through filing an answer or a motion to dismiss, this deadline has no impact on AG Moylan's deadline to file a Notice of Removal, which is subject to a 30-day deadline. Therefore, assuming, *arguendo*, that AG Moylan has properly argued that the removal time was tolled between May 21st and July 22nd, a claim completely unsupported by the relevant law and facts, he has failed to argue that the removal time was tolled between March 18th and April 17th, when Governor Leon Guerrero filed her Complaint, alleging facts AG Moylan claims support removal.

Because AG Moylan failed to oppose Governor Leon Guerrero's argument that his Notice of Removal was due on April 17th, AG Moylan has waived his opposition to the argument, and the Court should grant Governor Leon Guerrero's Motion to Remand on this basis. *See Pernell v. City of Los Angeles*, 650 F. Supp. 3d 910, 933 (C.D. Cal. 2022)("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

deadline under 28 U.S.C. § 1446 is triggered by the defendant's receipt of the initial pleading if that pleading "affirmatively reveals on its face" the factual basis for federal jurisdiction. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir.2005); *see also Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir.2006) ("After a defendant learns that an action is removable, he has thirty days to remove the case to federal court.").

While AG Moylan claims that the time cannot be counted because there was no judge to "adjudicate the dispute further" in the Superior Court, the Superior Court does not "adjudicate" a Notice of Removal. Title 28 U.S.C. § 1446(d) merely requires that a *defendant* provide notice of removal to the plaintiff and the state court, after which the state court "shall proceed no further unless and until the case is remanded." Removal, therefore, requires no further action from the Superior Court, and in fact *prevents* the Superior Court from taking action with regard to a removed case. *Cf. Three Pirates, LLC v. Shelton Bros.*, Inc., 3:16-CV-01054-JE, 2016 WL 6534523, at *3 (D. Or. Sept. 27, 2016), *report and recommendation adopted,* 3:16-CV-01054-JE, 2016 WL 6561557 (D. Or. Nov. 1, 2016) (citing *Value Recovery Grp., Inc. v. Hourani*, 115 F. Supp. 2d 761, 767 (S.D. Tex. 2000) (holding that state court stay did not preclude removal during the stay and "[a]lthough the Removing Defendants may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendants from removing the case to this court."). The pending resolution of Judge Terlaje's potential disqualification did not bar AG Moylan from filing his Notice of Removal in this Court, and serving notice upon Governor Leon Guerrero and the Superior Court as Section 1446 requires.

AG Moylan's position is also contrary to the weight of authority that firmly holds that "actions of the state court do not operate to affect or enlarge the statutory time limit for removal." *Three Pirates*, 2016 WL 6561557 at *3; *see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3732 (3d ed. & Supp.2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court

continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders"). The removal deadline is governed exclusively by federal law, which ties the deadline to file a notice of removal to the filing of a document revealing the case is removable, without regard to other procedural events that may occur in the state court. *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F.Supp. 405, 408 (C.D.Cal. 1972) ("...[T]he thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal."); *Gooss v. GEICO Cas. Co.*, 2014 WL 201613, *2 (D.Nev. 2014) ("The 30–day time limit cannot be extended by continuance or stipulation.");*14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3731 (4th ed. April 2016 Update) ("The two 30–day time limitations in Section 1446 are mandatory. That is, as many courts have held, these periods must be measured strictly in accordance with the general computation principles set out in Federal Rule of Civil Procedure 6. In a related vein, the decided cases make clear that these statutory periods will not be extended by state court demurrers, motions to set aside service of process, pleas in abatement, stipulations, trial court-granted continuances, or various other state court orders."); *Rampy v. Southwestern Bell Telephone Co.*, 615 F. Supp. 996 (W.D. Mo.1985) (stipulation filed in state court cannot extend time for removal); *McGraw v. Lone Star Industries, Inc.*, 2012 WL 5286963, *2 (S.D.Miss. 2012) ("[R]emoval is a matter of federal law, and the removal statute's proper application may not be obstructed by a state court law or, in this case, an order.").

AG Moylan's actions attempting to remove this action only after Judge Cenzon determined that Judge Terlaje should not be disqualified from presiding over the Superior Court matter violates the very purpose of the removal deadline. "The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second

court after significant proceedings, extending over months or even years, may have taken place in the first court." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982); *see also Eminence Inv'rs, L.L.L.P. v. Bank of New York Mellon*, 24 F. Supp. 3d 968, 975 (E.D. Cal. 2014) ("The time to remove is limited to prevent a defendant from waiting to see how things go in the state court before deciding whether to try his luck in a federal forum and also to avoid the delay and waste involved in starting the case over in a new court after substantial time and energy has been spent on litigating it in state court.") (citing *Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 631 (7th Cir. 2007)).

Section 1446's 30-day deadline was designed to *prevent* litigants from "waiting and seeing" what happens in the state court before deciding to move to federal court, which is exactly what AG Moylan attempts to do here. However, "the removal rules do not permit such strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position. Allowing manipulation of the removal process in this manner would undermine the purpose of the 30-day deadline, namely, to prevent undue delay in removal and the concomitant waste of state judicial resources." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 187–88 (4th Cir. 2017).

As a last resort to salvage his untimely notice of removal, AG Moylan again argues that "this Court can nonetheless excuse a tardy-filed notice under controlling precedent." Response, ECF No. 16 at 7. However, the "controlling precedent" AG Moylan cites is *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013), which "recognizes that the time limitations of the rule are not jurisdictional but rather procedural." Response, ECF No. 16 at 8. As Governor Leon Guerrero explained in her Memorandum, she agrees that the statutory time limit for removal in Section 1446 is procedural rather than jurisdictional. Mem. P. & A. Mot. Remand, ECF. No. 6-1 at 13. However, this "controlling precedent" does not compel or allow the Court to "excuse a tardy-filed notice [of removal]." Rather, *Kuxhausen* recognizes that the time limit under Section

1446(b) "is mandatory such that a timely objection to a late petition will defeat removal." *Kuxhausen*, 707 F.3d at 1146 n.4 (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)). Even the controlling precedent AG Moylan cites requires remand.[2]

**B. AG Moylan has failed to allege basis for Federal Question Jurisdiction.**

AG Moylan claims that the Court has federal question jurisdiction over this matter because the action could have been filed in this Court and the remedies Governor Leon Guerrero seeks "call for the interpretation of the U.S. Congress' Organic Act of Guam." Response, ECF No. 16 at 11. AG Moylan asserts further that the Court has federal question jurisdiction because the Complaint "necessarily depends on the resolution of a substantial question of federal law," as provided in *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005). Response, ECF No. 16 at 12. AG Moylan's arguments, again, have no merit.

As Governor Leon Guerrero discussed in her Memorandum, a case can "arise under" federal law in two ways: (1) when federal law creates the cause of action asserted; or (2) where a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Gunn v. Minton*, 568 U.S. 251, 257, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545

---

[2] AG Moylan claims that the Governor's emphasis on the untimeliness of the Notice of Removal demonstrates the Governor is trying to avoid the merits of the claims in her Complaint. Response, ECF No. 16 at 9. It is in fact AG Moylan who is desperately seeking to delay resolution of this matter on the merits, first by attempting to disqualify Judge Terlaje, then improperly and untimely seeking to remove the matter to this Court, then moving to stay this matter. While Governor Leon Guerrero is seeking to remand this matter, such remand will not delay resolution of this matter on the merits, but would enable the parties to proceed to summary judgment on the purely legal matters at issue in this case.

U.S. 308 (2005)).[3] Jurisdiction is determined by application of the well-pleaded complaint rule, which requires "that the federal question must appear on the face of a well-pleaded complaint and may not enter in anticipation of a defense." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983).

AG Moylan claims first that the Complaint could have been filed in this Court in the first instance because the Court has jurisdiction over declaratory actions[4] and the remedies sought in the Superior Court matter call for interpretation of the Organic Act. AG Moylan appears to concede that the Governor's claims are not based on federal law. He contends however that resolution of the Governor's claims will depend on the interpretation of federal law, to wit – the Organic Act of Guam. Response, ECF No. 16 at 12-13.

---

[3] The Gunn-Grable test provides that:

> Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313-314.).

[4] In her Memorandum of Points and Authorities in Support of Motion to Remand, Governor Leon Guerrero argued alternatively that the Court should decline to exercise its jurisdiction over this action pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), where (1) the Governor's Complaint hinges exclusively on an interpretation of Guam law and the Guam Rules of Professional Conduct; (2) AG Moylan filed his untimely Notice of Removal eight (8) days after Judge Cenzon denied his attempted disqualification of Judge Terlaje, an effort that would have been unnecessary had AG Moylan earnestly intended to remove the matter to this Court; and (3) the timing of AG Moylan's attempted removal demonstrates that he decided to remove in an effort to forum shop, having evidently determined Judge Terlaje would not be as favorable a forum as this Court. Mem. P. & A. Mot. Remand, ECF No. 6-1, at 29. These factors weigh against the Court's discretionary exercise of jurisdiction over the Governor's declaratory judgment action under the Declaratory Judgment Act, and supports remand to the Superior Court of Guam.

AG Moylan failed to address this argument in his Response, and should be deemed to have waived his opposition. *See Pernell*, 650 F. Supp. 3d at 933.

The failure of this argument begins with the fact that the Governor's claims lie in Guam law, not federal law. The role Governor Leon Guerrero seeks to appoint is that of *special prosecutor*, and AG Moylan's designation as public prosecutor originates not in his Organic Act role as chief legal officer to the government of Guam, but from *Guam law* that establishes his role as public prosecutor. *See* 5 G.C.A. § 30104. It is *Guam law* that assigns to the Attorney General the duty to conduct prosecution of all offenses against the laws of Guam, and the duty to perform related functions. 5 G.C.A. § 30109.

In her Complaint, Governor Leon Guerrero does not seek to appoint attorneys to serve as chief legal counsel to the government of Guam or to advise and represent agencies, but to appoint attorneys to perform investigative and prosecutorial actions related to AG Moylan's statutory prosecutor role. Further, AG Moylan's conflict of interest, which prevents him from investigating or prosecuting himself, is again not governed by the Organic Act but by professional conduct rules established by the Supreme Court of Guam. 48 U.S.C. § 1424-1. *See In re Leon Guerrero*, 2024 Guam 18 ¶ 67 ("As a licensed attorney, the Attorney General must conform his conduct to the law, including those requirements set forth in the [Guam Rules of Professional Conduct].").

Further, even if the Complaint required interpretation of the Organic Act, which Governor Leon Guerrero disputes, the Organic Act is *not* a law of the United States for purposes of this case. "Not all statutes passed by Congress are laws 'of the United States'" in the context of federal question jurisdiction." *Law Offices of Phillips & Bordallo, P.C. v. Guerrero*, CV 22-00020, 2023 WL 5075374, at *3 (D. Guam Aug. 9, 2023) (quoting *Dyer v. Abe*, 138 F. Supp. 220, 228, *rev'd on other grounds* 256 F.2d 728 (9th Cir. 1958) ("Congress does not have to provide a federal forum for every statutory right it creates."). "Whether a law passed by Congress is a 'law of the United States' depends on the meaning given to that phrase by its context." *Puerto Rico v. Rubert Hermanos, Inc.*, 309 U.S. 543, 549 (1940).

In *Guerrero*, the Court cited approvingly to *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1071–72 (V.I. 2019), which held that laws enacted by Congress through Article IV of the U.S. Constitution, which provides that Congress shall have power to make needful rules and regulations with respect to the territories, do not constitute "laws of the United States," but rather laws of the territory, with Congress "standing in the place of a state government." *Guerrero*, 2023 WL 5075374, at *4. The *Guerrero* court continued to observe that the Guam Bill of Rights was passed pursuant to the same Territorial Clause. *See Guerrero*, 2023 WL 5075374, at *4. The Court concluded that, while the Guam Bill of Rights was enacted by Congress, it was intended to confer local rights, and because pertinent sections "only appl[y] on Guam and [are] concerned with protecting persons against a local government, [they are] not a law 'of the United States'" and "cannot form the basis for federal question jurisdiction." *Id.* at *6. The Court ultimately granted the motion to remand the case to Guam courts.

Similarly, though Governor Leon Guerrero denies that this case turns on an interpretation of the Attorney General's Organic Act powers, which do not vest in him the prosecutorial authority at issue in this matter, even if it did, the referenced Organic Act provisions would not constitute laws of the United States for jurisdictional purposes. AG Moylan has not even acknowledged the existence of the *Guerrero* case, let alone attempted to distinguish it, though the case was addressed at length in Governor Leon Guerrero's Memorandum in support of her Motion to Remand. The Court should therefore also deem this argument waived.

Further, though the Organic Act establishes the office of the Attorney General, *Guam law* establishes whether the position should be elected or appointed, and the processes by which the Attorney General may be removed for cause. *See* 48 U.S.C. § 1421g(d)(2) ("The Attorney General may be…removed for cause in accordance with procedures established by the legislature in law."). Governor Leon Guerrero is certainly not seeking a recall of the Attorney General, which that would trigger the referendum provisions of 48 U.S.C. § 1422a. Rather, the plain language of the

Complaint seeks a declaration that the Governor is authorized to appoint attorneys to investigate and/or prosecute AG Moylan and Chief Deputy Attorney General Joseph Guthrie for specific conduct, not to replace the Attorney General entirely. Accordingly, to the extent her appointment of a special prosecutor may be interpreted as "removal" of the Attorney General, temporarily or otherwise, again, that process is governed not by the Organic Act but by the Guam Legislature.

Finally, because the claims and the remedies are local in nature, the ultimate outcome of the case will not impact the federal system as a whole. The Complaint does not, therefore, implicate a substantial question of federal law. "It is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue...The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260; *see also Grable,* 545 U.S. at 313 ("federal jurisdiction [over state action] demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.").

The Governor's authority to appoint a Special Prosecutor where the Attorney General has a conflict of interest arises under Guam law and the Guam Rules of Professional Conduct, does not raise a substantial federal issue, and has no import outside of Guam. For these reasons, AG Moylan has not met his burden of demonstrating federal question jurisdiction in this matter.

**C. AG Moylan is not a federal officer within the meaning of 28 U.S.C. § 1442.**

AG Moylan insists that he is an officer acting under the United States Congress entitled to federal officer jurisdiction under 28 U.S.C. § 1442, claiming that the Governor's arguments result from a "cramped" and "overly narrow view" of Section 1442. Response, ECF No. 16 at 14. AG Moylan instead urges a view of federal officer jurisdiction that avoids inconvenient impediments to his removal, such as express requirements of the statute or applicable standards in binding caselaw. Case in point, AG Moylan fails to identify the factors he must meet in other to avail

himself of federal officer jurisdiction, likely because they weigh so heavily against his argument. He attempts instead to frame the Governor's arguments as overly narrow, when literally all she has done is identify and engage the appropriate factors for review.

The elements of the federal officer removal statute include that the individual seeking removal is (a) a "person" within the meaning of the statute; (b) there is a causal nexus between his actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) he can assert a colorable federal defense. *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 772 (9th Cir. 2025). Further, while the federal officer removal statute is liberally construed, "that guidance must be understood in the broader context of the United States' dual sovereign court system, where federal courts of limited jurisdiction must "scrupulously confine their own jurisdiction to the precise limits which the statute authorizing removal jurisdiction has defined." *Id.*, 139 F.4th at 770 (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

Under these factors, the Attorney General is *clearly* not a federal officer within the meaning of Section 1442e. While his office is created by the Organic Act, he is expressly described therein as "the Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1). Like other territorial officials enacted in the organic acts for "overseas" territories of the United States, territorial officials are acting pursuant to territorial law and are not officers of the federal government "even if the actions they took as territorial officers were *required by federal* law." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1239 (9th Cir. 2015). There is simply no indication that Congress intended AG Moylan to qualify as a federal officer within the meaning of Section 1422 or otherwise. *See Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Aurelius Inv., LLC*, 590 U.S. 448, 464–65, 140 S. Ct. 1649, 1661, 207 L. Ed. 2d 18 (2020) (finding that members of the Financial Oversight and Management Board established by the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA) were not "Officers of the United States" where the law expressly identifies the Board as "an entity within the territorial government," noting further that

Puerto Rico pays the Board's expenses, the salaries of its employees, and confers on the Board powers it may only enforce in Puerto Rico.).

AG Moylan is also not acting under a federal agency, whether Congress or the Department of the Interior. The Attorney General's relationship with Congress or Interior is not "akin to an agency relationship." Congress and Interior exercise no regulatory, supervisory or monitoring actions over his activities. AG Moylan does not help Congress or Interior fulfill their tasks, or relate closely to implementation of Congress's or Interior's duties. *See City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1107 (9th Cir. 2022). There is simply no relationship between AG Moylan and these federal entities such that he can claim to be acting under them, and the Attorney General cannot support removal under this theory.

## III. CONCLUSION

For the reasons stated herein, Governor Leon Guerrero respectfully requests that the Court issue an order remanding this matter to the Superior Court of Guam.

*Respectfully submitted* this 15th day of September, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

## CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

Douglas B. Moylan, *Attorney General of Guam*
OFFICE OF THE ATTORNEY GENERAL OF GUAM
134 W. Soledad Avenue
Ste. 802 Bank of Hawaii Building
Hagåtña, Guam 96910
(671) 475-2710
dbmoylan@oagguam.org

William Lyle Stamps, *Assistant Attorney General*
OFFICE OF THE ATTORNEY GENERAL OF GUAM
134 W. Soledad Avenue
Ste. 802 Bank of Hawaii Building
Hagåtña, Guam 96910
(671) 475-2710
lstamps@oagguam.org

*Respectfully submitted* this 15th day of September, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
Office of Legal Counsel

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*