

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HAGAN GUAHAN*, GOVERNOR OF GUAM, in her official capacity,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, in his official capacity,<br><br>Defendant. | Civil Case No. 25-cv-00030<br><br>**Defendant's Motion for Extension of Time to File a Responsive Pleading to Plaintiff's Motion to Strike or Dismiss Pursuant to FRCP 6(B)(1)(B)** |

Defendant, ATTORNEY GENERAL OF GUAM ("Attorney General"), by and through undersigned counsel, pursuant to Rule 6(B)(1)(B) of the Federal Rules of Civil Procedure and CVLR 7(g), moves this Honorable Court for an Order extending the time to file a responsive pleading to the Motion to Strike or to Dismiss Counterclaim [ECF 13] ("Motion to Dismiss") filed by Plaintiff LOURDES A. LEON GUERRERO, GOVERNOR OF GUAM ("Governor"), and as good cause and excusable neglect, therefore, shows the following:

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

1. On August 22, 2025 the Governor filed her Motion to Dismiss [ECF 13]. Pursuant to CVLR 7, the Attorney General's response was due on September 12, 2025.

2. Due to the combination of a calendaring mistake and staffing shortages at the Attorney General's Office, the due date for the Governor's reply brief, September 26, was mistakenly mixed up with the due date for the Attorney General's response.

3. This mistake was not discovered until yesterday evening, and immediately this morning, counsel for the Attorney General engaged in a good faith effort to request an extension from the Governor's counsel. The Governor's counsel refused to consent to an extension, just as they have refused to consent to any prior request for an extension of time. Accordingly, this Motion has been prepared.

4. The Attorney General's office will begin diligently working on its admittedly untimely response, which it will file as soon as possible, after the filing of this Motion. However, only one attorney is current admitted and entered an appearance in this matter, although a second attorney is expected to enter an appearance shortly.

5. The Attorney General does request that the standard fourteen (14) day extension, counting from the September 12, 2025 deadline, be granted by this Honorable Court, which would make the new response date September 26, 2025 and the new reply date October 10, 2025.

6. Extensions are frequently granted for more than two weeks and even extended several times. *See JPMorgan Chase Bank, N.A. v. Fid. Nat'l Title Grp., Inc.*, 2021 WL 240817, at *1 (D. Nev. Jan. 25, 2021) (granting extension request, for the **second** time stating "This is the second request for an extension which is made in good faith and not for purposes of delay"); *Shipkovitz v. Sessions*, 2018 WL 11491767, at *2 (D.D.C. Aug. 23, 2018) ("**ORDERED** that

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030     Document 21     Filed 09/17/25     Page 2 of 9

the Plaintiff's Motion for One Month Extension of Time to File Response to "Advanced Discovery, Inc.'s Opposition to Plaintiff's Motion to Remand or Amend His Complaint" for Medical and Other Reasons, ECF No. 18, is **GRANTED**.") (emphasis in original).

7. Because the normal response deadline has already passed, the Attorney General's counsel will prepare and file a Motion to Shorten Time pursuant to CVLR 7(j); which will be filed subsequent to this Motion and which the Attorney General incorporates as if fully set forth at length herein.

8. FRCP 6(b)(1) reads, in part:

> "(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

9. In the Ninth Circuit, the courts use the Pioneer/Briones test to determine excusable neglect. Specifically:

> To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). See also *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997); *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220 (9th Cir.2000), and *Pincay v. Andrews,* 389 F.3d 853 (9th Cir.2004) (en banc).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **3** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030 Document 21 Filed 09/17/25 Page 3 of 9

10. Both good cause and excusable neglect exist for this Court to grant an extension of time of two weeks up to and including September 26, 2025.

11. As noted by the *Ahanchian* Court, FRCP 6 is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." 624 F. 3d at 1259, citing to *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983).

12. Similarly, the Rules must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FRCP 1.

13. Notably, "a per se rule cannot exist after *Pioneer*," and neglect and mistakes are not bars to relief from filing deadlines. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)

14. The Attorney General respectfully submits that the excusable neglect standard under the *Pioneer/Briones* test is more than met in this matter, and that this Honorable Court should grant the requested extension, and allow the untimely filing of the Attorney General's response to the Motion to Dismiss.

15. First, there is no prejudice to the plaintiff in this matter. The requested extension is small. When considering prejudice, it must be actual prejudice and not just the loss of a "quick victory," in order for this factor to weigh against allowing an untimely filing. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). See also *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988) (no prejudice from two week delay); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir.1985) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial.").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030 Document 21 Filed 09/17/25 Page 4 of 9

16. Similarly, where the test for excusable neglect under FRCP 6 and 60 are the same, defendant respectfully submits that even the loss of a "quick victory," as to the pending Motion to Dismiss is smaller and less impactful on the litigation than the judgments which have been vacated and reversed under Rule 60 by the Ninth Circuit and other courts.

17. Second, the length of the requested delay is fourteen (14) days, which will have minimal to no impact on the proceedings. There have been no case management orders issued. There is no trial date. The Attorney General's recent request for oral argument was denied while this Motion was being prepared [ECF 20], and hence no hearing need be rescheduled. This factor also weights in favor of granting the extension.

18. Third, the reason for the delay is a text book definition of excusable neglect. As noted above, due to the combination of a calendaring mistake and staffing shortages at the Attorney General's Office, the due date for the Governor's reply brief, September 26, was mistakenly mixed up with the due date for the Attorney General's response. This mistake was only discovered late in the day on September 17, 2025.

19. Further, the Attorney General has only two attorneys admitted to this Court[1], and only one of them has entered his appearance. The second attorney was set to enter an appearance, but had to deal with personal matters, which led him to leave Guam temporarily. He is expected to return and enter an appearance shortly.

20. As a general matter, Guam lacks sufficient attorneys. The Attorney General's office, while being the largest law firm, is substantially understaffed. This structural issue has been a challenge for several years now, and the lack of sufficient attorney's has been recognized

---

[1] While Chief Deputy Attorney General Joseph Guthrie is also admitted; the Governor's lawsuit seeks to investigate both him and the Attorney General, and both have other duties besides being witnesses.

by Guam's Supreme Court.

21. With the lack of sufficient attorneys, we continue to actively recruit off-Island utilizing the Supreme Court of Guam's temporary licensing rules, that were extended for government attorneys in duration from 5 to 8 years so that the People and their attorney (Attorney General) might have sufficient attorneys to do the legal work required of this Organic Act of Guam (Constitutional) position that was created and empowered by the U.S. Congress. 48 U.S.C. § 1421g(d)(1).

22. Notably, the only counsel of record for the Attorney General in this matter was also made responsible for appellate matters before the Guam Supreme Court, after the other two attorneys in the Attorney General's office left to work for the Guam Supreme Court and the Guam Superior Court. At least until additional counsel enter their appearance, which is expected within the next two weeks, one attorney can't keep up with, or compete with the Governor's two attorneys.

23. Also important to this analysis, the Attorney General's recruitment process has become more difficult as the instant lawsuit filed by the Governor acts as a deterrent to potential applicants.

24. Whether the excusable neglect is labelled as "weak," as in *Bateman*, or otherwise, and the matter should have been handled by filing a motion prior to the due date, the FRCP and *Pioneer/Briones* recognize that attorneys are humans, make mistakes, and the circumstances in this matter are far less objectionable than those under which the Ninth Circuit has found excusable neglect in other matters.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 21   Filed 09/17/25   Page 6 of 9

25. In *Bateman*, the Ninth Circuit found excusable neglect where the delay was "little more than one month." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

26. In Briones, the Ninth Circuit required the trial court to reconsider its decision, where the excusable neglect consisted of merely "a communication problem within his group of assistants," just as there was a communication and calendaring error in this matter. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).

27. Directly on point is the case of *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004) (en banc), where "A sophisticated law firm, with what it thought was a sophisticated system to determine and calendar filing deadlines, missed a critical one." In an en banc decision, the *Pincay* court determined that incorrectly calendaring a deadline was excusable neglect. *Id*. at 855 (allowing the filing of an untimely notice of appeal). *See also Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996) (affirming motion granting extension of time to file notice of appeal even where "the late filing was solely attributable to the attorney's calendaring miscalculation."

28. Accordingly, the third prong of the test weighs strongly in favor of granting the extension.

29. Fourth, the Attorney General has acted in good faith. Once the mistake was discovered, counsel reached out to Governor's counsel and also prepared the instant motion.

30. In contrast, the lawsuit filed by the Governor has itself exacerbated the staffing problems faced by the Attorney General. Plaintiff's lawsuit seeks to prevent the Attorney General from hiring attorneys in the first instance.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030 Document 21 Filed 09/17/25 Page 7 of 9

31. Counsel for the Attorney General respectfully submits that "compounding," the problem in this instant litigation is the conduct of counsel for plaintiff. Just as in *Ahanchian*, in the instant matter "defense counsel disavowed any nod to professional courtesy, instead engaging in hardball tactics designed to avoid resolution of the merits of this case." *Ahanchian*, 624 F.3d 1253 at 1262–63 (9th Cir. 2010). Especially in Guam, where counsel routinely are off-island for extended periods of time, counsel should routinely consent to a request for an extension of time.

32. The granting of this motion is necessary to allow for a full briefing of the plaintiff's dispositive Motion to Dismiss, aiding in the Court's consideration of the important legal issue implicating important federal laws and the Court's ultimate decision.

33. This motion is filed in good faith and not for dilatory purposes, and respectfully defendant contends contains sufficient good cause, and a demonstration of excusable neglgect, *supra*.

**WHEREFORE,** for good cause shown Defendant Attorney General of Guam respectfully requests an Order extending the time to file a responsive pleading to the Motion to Dismiss by and including September 26, 2025.

**Respectfully submitted**, this 17th day of September, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025 that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
*leslie.travis@guam.gov*

**JEFFREY A. MOOTS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
*jeffrey.moots@guam.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **9** of **9**
*Defendant's Motion for Extension of Time*
District Court of Guam Case No. CV25-00030

Case 1:25-cv-00030   Document 21   Filed 09/17/25   Page 9 of 9