LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

***Attorneys for the***
***Honorable Lourdes A. Leon Guerrero***
***Governor of Guam***

**IN THE UNITED STATES DISTRICT COURT OF GUAM**

| | |
|---|---|
| **LOURDES A. LEON GUERRERO**, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,<br><br>Plaintiff,<br><br>v.<br><br>**DOUGLAS B. MOYLAN**, ATTORNEY GENERAL OF GUAM, *in his official capacity*,<br><br>Defendant. | **Case No. 25-CV-00030**<br><br>Removed from the Superior Court of Guam<br>Case No. CV0190-25<br><br>**GOVERNOR LEON GUERRERO'S STATEMENT REGARDING SETTLEMENT CONFERENCE**<br><br>**(28 U.S.C. § 651 AND CVLR 16.2)** |

On May 17, 2026, Douglas B. Moylan, Attorney General of Guam, filed a Request for Judicial Settlement Conference seeking global settlement discussions for all matters pending before this Court involving Petitioner Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*,

Governor of Guam.[1] The Court granted the request on May 28, 2026. In light of the impending settlement conference, Governor Leon Guerrero respectfully submits the following concerns regarding the procedural posture and scope of the proposed proceedings, including the impending decision of the Guam Supreme Court that may substantially narrow or moot several pending disputes and the approaching expenditure deadline for American Rescue Plan Act ("ARPA") State and Local Fiscal Recovery Funds ("SLFRF").

The Governor previously pursued global settlement discussions between the parties. Before the related matters reached their current procedural posture, the Governor repeatedly approached the Attorney General seeking mediation and global resolution of pending disputes. *See* Declaration of Counsel ("Travis Decl.") ¶¶ 2-4, Ex. A. Those efforts included direct meetings between representatives of the Governor's office and multiple attorneys from the Office of the Attorney General concerning possible global resolution of pending unrelated litigation before the Superior Court and hospital-related disputes. Even on the eve of the filing of the Supreme Court proceeding underlying this matter, Governor Leon Guerrero continued attempting direct resolution of disputes between the parties. *See* Travis Decl. ¶ 4. The Attorney General nevertheless declined to consider settlement of the hospital-related disputes at that time. Only now, after years of litigation, repeated opposition to expedited consideration, and imminent

[1] The Attorney General requests a global settlement conference regarding multiple matters involving the Mangilao Medical Campus ("MMC") project: (1) *Government of Guam v. Leon Guerrero, et al.*, Case No. 1:24-cv-00029 (filed Dec. 20, 2024); *Guam Power Authority v. Attorney General of Guam*, Case No. 1:25-cv-00029 (removed June 17, 2025); *In Re: Leon Guerrero Relative to the Authority of the Attorney General of Guam to Approve Autonomous Agency Contracts*, Case No. 1:25-cv-00041 (removed Oct. 30, 2025); *In Re: Request Leon Guerrero Relative to Organic Act Limits on Legislative Conditions Affecting the Governor's Authority to Establish Hospitals*, Case No. 26-cv-00006 (removed Mar. 12, 2026).
The Attorney General also seeks to include a separate declaratory judgment matter filed by the Governor in the Superior Court of Guam concerning the Governor's authority to appoint a Special Prosecutor to investigate alleged employment and personnel misconduct within the Office of the Attorney General. *Leon Guerrero v. Douglas B. Moylan*, Case No. 1:25-cv-00030 (removed July 1, 2025).

merits rulings in multiple proceedings, does the Attorney General seek a global settlement conference.

Until recently, none of the hospital-related disputes had progressed beyond jurisdictional motion practice because repeated removals, consolidation requests, and unresolved procedural motions prevented adjudication of the underlying merits questions affecting the project. Though the Governor's multiple motions seeking remand of the removed cases remain pending before this Court, the Supreme Court of Guam in CRQ26-001 expressly held that the Attorney General's attempted removal was "improper and defective" based on substantially the same grounds the Governor has argued in her remand motions. *See In re Leon Guerrero*, 26-cv-00006 ECF No. 11 (Notice of Supplemental Authority). Procedural maneuvering should not further delay imminent judicial resolution of issues already fully submitted for decision.

The Supreme Court's order retaining jurisdiction over CRQ26-001 despite the Attorney General's defective attempt to remove the proceeding to this Court has materially advanced resolution of key issues in these disputes. The central Organic Act issues concerning the Governor's authority to establish hospitals under 48 U.S.C. § 1421g(a), and the Attorney General's asserted authority to prevent the Governor's exercise of those responsibilities without first seeking or obtaining injunctive relief, were fully briefed and argued before the Supreme Court of Guam on May 19, 2026, in CRQ26-001. The matter is presently under advisement, with final resolution imminent. Related federal litigation has also materially advanced. In Civil Case No. 24-00029, the assigned Magistrate Judge issued a Report and Recommendation recommending dismissal of the Attorney General's claims for lack of subject matter jurisdiction and lack of standing.

Under the present circumstances, the Governor believes final judicial resolution of the issues presently under advisement is likely to provide greater implementation certainty than

broad settlement discussions that could later require additional enforcement litigation in the event of future disputes concerning compliance or implementation.

Nothing prevents the parties from engaging in direct settlement discussions should the Attorney General wish to advance concrete proposals concerning resolution of specific disputes or implementation issues. The Governor's concerns are directed to the timing and practical utility of a formal global settlement conference while dispositive matters are already under advisement and imminent judicial clarification is expected. The forthcoming Guam Supreme Court decision may substantially narrow or moot several pending disputes.

The Governor further notes that the Court's order setting a settlement conference does not address the Attorney General's request for participation by representatives of the United States. Under the present circumstances, the Governor respectfully submits that participation by federal representatives is neither necessary nor appropriate absent intervention, enforcement action, or some other affirmative indication that the United States seeks to participate in these disputes.

The Attorney General's request for participation by representatives of the United States further underscores the unusual posture of the proposed settlement conference. As the Attorney General acknowledges, he has repeatedly attempted to involve federal authorities in disputes concerning the MMC project and ARPA funding. Despite those efforts, the United States has not intervened, commenced enforcement proceedings, or otherwise sought relief relating to the hospital infrastructure project. The timing of the Attorney General's request is particularly notable given the recently issued Report and Recommendation concluding that the Attorney General lacks standing to pursue core aspects of the principal federal action concerning ARPA-related issues. *See Government of Guam v. Leon Guerrero*, Case No. 1:24-cv-00029, Report and Recommendation at 18-19, ECF No. 40 (Apr. 7, 2026). The Attorney General now seeks judicially facilitated participation by federal representatives in a global settlement process

concerning matters in which the United States has repeatedly declined to appear as a litigating party or enforcement authority.

Under these circumstances, the Governor respectfully submits that federal participation would unnecessarily complicate settlement discussions concerning disputes that remain principally grounded in issues of territorial governance, Organic Act authority, and local executive administration.

The Governor will participate in the settlement conference ordered by the Court and remains willing to consider any concrete settlement proposals the Attorney General may wish to advance. The Governor nevertheless respectfully preserves the foregoing concerns regarding the timing and practical utility of broad global settlement discussions while dispositive matters remain under advisement before the Supreme Court of Guam and this Court.

*Respectfully submitted* this 28th day of May, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

## CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

Douglas B. Moylan
Attorney General of Guam
Office of the Attorney General of Guam
134 W. Soledad Avenue
Ste. 802 Bank of Hawaii Building
Hagåtña, Guam 96910
(671) 475-2710
dbmoylan@oagguam.org

William Lyle Stamps
Assistant Attorney General
Office of the Attorney General of Guam
Civil Division
134 W. Soledad Avenue, Ste. 302
Hagåtña, Guam 96910
(671) 475-2710
lstamps@oagguam.org

*Respectfully submitted* this 28th day of May, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: /s/ Leslie A. Travis
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*