**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | | |
|---|---|---|
| LOURDES A. LEON GUERRERO, *I MAGA'HAGAN GUAHAN*, GOVERNOR OF GUAM, in her official capacity,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM, in his official capacity,<br><br>Defendant. | ) | Civil Case No. 25-00030<br><br>**Attorney General of Guam's Motion to Hold Plaintiff's Motion to Remand in Abeyance Pending November 3, 2026 General Election Pursuant to the *Purcell* Doctrine and Memorandum of Law** |

Defendant DOUGLAS B. MOYLAN, ATTORNEY GENERAL OF GUAM ("Attorney General"), by and through undersigned counsel, and pursuant to CVLR 1(c) hereby moves this Court to exercise its inherent docket management authority to hold the Plaintiff's pending Motion to Remand [ECF 6] ("*Defendants Douglas B. Moylan, Attorney General of Guam ("AG Moylan"), and the Office of the Attorney General of Guam's ("OAG") [sic] removal is*

*untimely…*") in abeyance until November 4, 2026 – the day following the November 3, 2026 General Election, pursuant to *Purcell v. Gonzalez*, 549 U.S. 1 (2006) ("***Purcell* Doctrine**") ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls."). In the alternative, if the Court determines that it must rule on the Motion to Remand prior to the election, the Attorney General respectfully requests that the Court stay the execution and transmittal of the certified remand order for fourteen (14) days to preserve the status quo and permit him an opportunity to seek emergency appellate review. As further grounds, the Attorney General states:

## I. INTRODUCTION

The Territory of Guam will hold an election to choose the next Attorney General of Guam on November 3, 2026. Early voting is scheduled to begin on October 8, 2026. *See* Guam Election Comm'n, *2026 Important Dates*, https://gec.guam.gov/2026-important-dates/ (last visited Sept. 16, 2026). Douglas B. Moylan, the incumbent Attorney General of Guam, is a candidate. As of the filing of this motion, 48 days remain until Election Day and 22 days remain until early voting begins.

Plaintiff's underlying civil action seeks "a declaration that the Office of the Attorney General ("OAG") is unavailable to investigate or prosecute Defendant Douglas B. Moylan ("AG Moylan") and Chief Deputy Attorney General ("CDAG") Joseph Guthrie for potential crimes due to a conflict of interest, and that Governor Leon Guerrero is authorized to appoint a Special Assistant Attorney General ("SAAG") and a Special Prosecutor to perform these duties." [ECF 6-1, p. 8].

This relief is in derogation of the Organic Act of Guam. No provision in the Organic Act of Guam or under the Guam Code authorizes the judiciary the power to remove a

democratically-elected Attorney General. Further, no authority exists that would allow the judiciary to designate the Governor (whose term ends this year) to appoint a Special Prosecutor to potentially criminally charge the Attorney General and his Chief Deputy Attorney General. The Organic Act of Guam unequivocally designates the Attorney General of Guam the sole "Chief Legal Officer of the Government of Guam." 48 U.S.C.§ 1421g(d)(1). Further, the Guam Legislature designates the Attorney General of Guam as the sole prosecutor. 5 GCA § 30104 ("The Attorney General shall have cognizance of all matters pertaining to public prosecution, including the prosecution of any public officials.").

A ruling by this Court remanding the matter to the Superior Court of Guam at this time would immediately upend the status quo of territorial government by creating electoral chaos and widespread disruption of the electoral process. Under the ***Purcell*** **Doctrine**, federal courts must maintain the status quo by freezing proceedings if a ruling would lead to electoral confusion on the eve of an election. *See Purcell v. Gonzalez,* 549 U.S. 1 (2006). To prevent the ensuing volatility, this Court should exercise its inherent authority to freeze the status quo and hold the Motion to Remand in abeyance until November 4, 2026.

## II. LEGAL STANDARD

This Court possesses inherent equitable power to stay its own rulings and control its docket to promote efficiency and fairness:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Plaintiff's declaratory action makes clear she advocates the criminal prosecution of the incumbent Attorney General and his Chief Deputy for alleged crimes. The impact of a remand of the underlying action in the waning days of the election would undoubtedly suppress voting and effectively disrupt local governance. The public interest favors a brief pause. Accordingly, the Court should defer ruling or hold the Motion to Remand in abeyance until November 4, 2026.

## III. ARGUMENT

### A. The Purcell Doctrine Favors Holding Motion to Remand in Abeyance

Although *Purcell* arose in an election case context, its core equitable rationale applies to the disruption to territorial governance that would ensue were this action to be suddenly remanded to the local courts. The uncertainty of the outcome of that underlying action and the potential for unsubstantiated criminal charges in the midst of this election would result in electoral confusion, suppression, and disenfranchisement. Moreover, the Guam Electoral Commission has already assigned ballot placement for qualified candidates. A ruling now with less than 22 days before early voting would destabilize the operations of the Office of the Attorney General and create widespread confusion and uncertainty regarding the candidacy of the incumbent Attorney General. To avoid this result, the public interest would be best served by maintaining the status quo until the election concludes. Freezing the case in its current posture by staying the remand ruling would ensure that the Government of Guam could carry it out its collective mandate to ensure the integrity of its elections.

B. Alternative Request to Stay Transmittal

If the Court declines to hold the Motion to Remand in abeyance and instead remands, the Attorney General would request that this Court direct the District Court Clerk to stay transmittal of the certified copy of the remand order for 14 days so as to allow him to seek emergency appellate review pursuant to 28 U.S.C. § 1442 before federal jurisdiction ends. Under 28 U.S.C. § 1447(c), once the District Court Clerk transmits a certified copy of a remand order to the local court clerk, this Court's jurisdiction is extinguished.

## IV. CONCLUSION

For the foregoing reasons, the Attorney General requests that the Court hold Plaintiff's Motion to Remand in abeyance until November 4, 2026, or, in the alternative, granted a 14-day stay of transmittal upon issuance of any remand order.

**Respectfully submitted**, this 16th day of September, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

Gonzalo Alberto Gayoso

**GONZALO ALBERTO GAYOSO**
Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


**LESLIE A. TRAVIS**
**JEFFREY A. MOOTS**
Attorneys for Plaintiff
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov
jeffrey.moots@guam.gov



**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

Gonzalo Alberto Gayoso
**GONZALO ALBERTO GAYOSO**
Deputy Attorney General