LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1117 | Fax: (671) 477-4826

***Attorneys for the***
***Honorable Lourdes A. Leon Guerrero***
***Governor of Guam***

**IN THE UNITED STATES DISTRICT COURT OF GUAM**

**LOURDES A. LEON GUERRERO**, *I MAGA'HÅGAN GUÅHAN*, GOVERNOR OF GUAM, *in her official capacity*,

Plaintiff,

v.

**DOUGLAS B. MOYLAN**, ATTORNEY GENERAL OF GUAM, *in his official capacity*,

Defendant.

**Case No. 25-CV-00030**

Removed from the Superior Court of Guam
Case No. CV0190-25

**GOVERNOR LEON GUERRERO'S OPPOSITION TO ATTORNEY GENERAL'S MOTION TO HOLD MOTION TO REMAND IN ABEYANCE**

Plaintiff Lourdes A. Leon Guerrero, Governor of Guam, respectfully opposes Defendant Attorney General Douglas B. Moylan's Motion to Hold Plaintiff's Motion to Remand in Abeyance Pending November 3, 2026 General Election Pursuant to the Purcell Doctrine.

## I. INTRODUCTION

In his Motion, Attorney General Moylan asks this Court to exercise its inherent authority to stay proceedings by postponing resolution of a jurisdictional motion that has been fully briefed since September 2025 until after the November 3 election. He argues that *Purcell v. Gonzalez*, 549 U.S. 1 (2006), warrants that delay because he is a candidate for reelection. *Purcell*, however, does not require federal courts to suspend ordinary litigation whenever a party is running for office. It generally prohibits judicial intervention that alters the rules or administration of an election while the election process is underway. Resolution of the Governor's Motion to Remand has no bearing on election procedures or rules. It would determine only whether this action, which does not concern election administration, proceeds in federal court or returns to the Superior Court of Guam.

Though the Attorney General invokes dramatic predictions of voter confusion, suppression, and disenfranchisement, those projections do not bring this case within *Purcell*.[1] A remand order would not change who may vote, when or how ballots are cast or counted, who appears on the ballot, or any other component of Guam's election process. Nor does the possibility that proceedings in this case could affect voters' views of a candidate transform those proceedings into judicial regulation of an election. *Purcell* addresses disruption of the election process itself, not the potential political consequences of ordinary litigation involving a candidate for public office.

---

[1] To be sure, the Attorney General's invocation of loaded concepts such as "voter suppression" and "disenfranchisement" reflects a fundamental misunderstanding of both. The possibility that litigation may affect voters' views of a candidate is neither voter suppression nor disenfranchisement. A voter who chooses not to support a candidate because of developments concerning that candidate has not been prevented from voting or deprived of the franchise.

Nor does the Attorney General establish a basis for postponement under the ordinary principles governing a stay. The Motion to Remand has been fully briefed for more than a year, and the November election will neither resolve nor narrow any issue presented by that Motion. Nothing bearing upon federal jurisdiction will change after the election. The only relevant circumstance that will have changed is that the election in which the Attorney General is a candidate will have occurred.

The procedural history further undermines the asserted need for delay. The Attorney General chose to remove this action from the Superior Court and asked this Court to "assume full jurisdiction over the matter." ECF No. 1 at 13. The Motion to Remand was fully briefed in September 2025. On May 17, 2026, approximately eight months after briefing was complete, the Attorney General requested a settlement conference. The parties subsequently participated in that process while the Motion remained pending. He now asks the Court to postpone resolution again, this time until after the November 3 election, less than two months before the end of the Governor's term. The requested delay therefore cannot be viewed in isolation. Having invoked the federal forum and participated in proceedings that extended the time before resolution of remand, the Attorney General cannot now rely on the election calendar alone as a basis for still further delay.

The Motion to Hold Plaintiff's Motion to Remand in Abeyance should be denied.

## II. ARGUMENT

### A. The Attorney General Has Not Established a Basis for the Court to Exercise Its Inherent Authority to Stay Proceedings

In his Motion, the Attorney General asks the Court to exercise its inherent authority to control its docket by holding the Motion to Remand in abeyance until after the November 3 election. A district court has inherent authority to control the disposition of the causes on its docket in a manner that promotes economy of time and effort for the court, counsel, and litigants. *CMAX,*

*Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The exercise of that authority requires the Court to weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Id.* Those interests include "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Where there is a "fair possibility" that a stay will cause harm, the party seeking the stay must establish "a clear case of hardship or inequity in being required to go forward." *Id.* at 268–69 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The Attorney General has not made that showing. His asserted need for a stay rests principally on the election-related consequences he predicts could follow from resolution of the Motion to Remand. As discussed below, *Purcell* does not support that asserted hardship, and the remaining considerations identified in CMAX weigh against further delay.

**1. *Purcell* Does Not Apply Because This Case Does Not Affect the Rules or Administration of Guam's Election**

The *Purcell* doctrine addresses the risk created when courts alter election rules while an election is underway. In *Purcell v. Gonzalez*, the Supreme Court considered an injunction against Arizona's voter-identification procedures shortly before an election and observed that "[c]ourt orders affecting elections" can themselves produce voter confusion. 549 U.S. 1, 4–5 (2006) (per curiam). The Supreme Court has since described the principle more directly: "lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (per curiam).

The Ninth Circuit has likewise recognized that *Purcell* specifically prevents judicial interference with the election process itself.[2] In *Mi Familia Vota v. Fontes*, the court applied *Purcell* where a stay altered Arizona's voter-registration rules days before a primary election and during the registration period for the general election. 111 F.4th 976, 984–85 (9th Cir. 2024). More recently, in *American Encore v. Fontes*, the Ninth Circuit declined to apply *Purcell* even in litigation challenging provisions of Arizona's election procedures because the particular relief at issue did not affect the State's "election processes or machinery" and involved no "change at all to the actual election process." 152 F.4th 1097, 1121 (9th Cir. 2025). The relevant inquiry is therefore not simply whether litigation occurs close to an election or may affect an election in some broader sense. It is whether the judicial action at issue would interfere with the rules or administration of the election.

The Attorney General identifies no such effect here. The pending Motion to Remand presents a jurisdictional question. A ruling granting that Motion would determine that this action belongs in the Superior Court of Guam rather than this Court. It would not alter voter eligibility, ballot access, early voting, the manner in which ballots are cast or counted, the placement of candidates on the ballot, or any other rule governing the November 3 election. The Guam Election Commission would administer precisely the same election under precisely the same rules regardless of which court has jurisdiction over this action.

The Attorney General instead argues that remand could produce "electoral chaos," "widespread disruption," voter suppression, disenfranchisement, and uncertainty regarding his

[2] Courts have applied *Purcell* to a range of rules governing the conduct and administration of elections, including voter-identification requirements, absentee-ballot witness and cure procedures, ballot deadlines, and voter-registration processing requirements. *See, e.g.*, *Purcell*, 549 U.S. at 2–3, 4–5 (voter-identification procedures); *Republican Nat'l Comm.*, 589 U.S. at 424–25 (absentee-ballot deadline); *Tenn. Conf. of the NAACP v. Lee*, 105 F.4th 888, 894–95 (6th Cir. 2024) (voter-registration processing requirements). These applications share the feature absent here: the challenged judicial action altered or constrained the rules governing how an election is administered.

candidacy because of what might occur in the underlying litigation after remand. ECF No. 38 at 3–4. Those projections do not convert a jurisdictional ruling into judicial interference with an election. The possibility that litigation involving a candidate may attract public attention, affect voters' views, or have political consequences is fundamentally different from a judicial order changing the rules under which an election is conducted.

Extending *Purcell* as the Attorney General proposes would untether the doctrine from its purpose. Any judicial proceeding involving a candidate for public office could conceivably affect public perceptions during an election season. Under the Attorney General's reasoning, that possibility alone could require federal courts to postpone otherwise ordinary judicial proceedings until voting concludes. Neither *Purcell* nor the Ninth Circuit decisions applying it establish such a rule. Because resolution of the Motion to Remand would neither alter Guam's election rules nor interfere with administration of the November 3 election, *Purcell* provides no basis to postpone that resolution.

### 2. The Remaining *CMAX* Considerations Weigh Against a Stay

The remaining *CMAX* considerations likewise weigh against postponement. A stay until after the election would do nothing to simplify the issues, proof, or questions of law presented by the Motion to Remand. The jurisdictional issues have been fully briefed since September 2025. The November 3 election will resolve none of them. No evidence relevant to federal jurisdiction will be developed by waiting for the election, and nothing bearing upon whether removal was proper will change on November 4.

These factors distinguish this case from *CMAX*. There, the district court stayed an action pending completion of an administrative proceeding that could develop evidence bearing on the issues before the court and could result in an agency determination affecting the plaintiff's claims.

300 F.2d at 269–70. The Ninth Circuit upheld the stay because the proceeding being awaited could materially assist resolution of the pending litigation. *Id.* Here, the Attorney General identifies no comparable relationship between the event he asks the Court to await and the Motion before it. The election will neither assist the Court in resolving federal jurisdiction nor change the jurisdictional analysis.

The procedural history also weighs against further delay. The Attorney General removed this action from the Superior Court in 2025 and asked this Court to "assume full jurisdiction over the matter." ECF No. 1 at 13. The Governor moved to remand on July 31, 2025, and briefing was complete by September 2025. On May 17, 2026, approximately eight months after briefing was complete, the Attorney General requested a settlement conference. The parties thereafter participated in the settlement process, including a settlement conference on July 23, 2026. That process did not resolve the case. The Attorney General now asks that resolution of the Motion to Remand be deferred again, this time until after November 3.

Further delay would have consequences. The Governor's term ends only weeks after the November election. Holding the Motion to Remand in abeyance until November 4 would consume a substantial portion of the time remaining in the administration before the parties even know which court will adjudicate the underlying claims. Where there is a "fair possibility" that a stay will cause harm, *CMAX* requires the party seeking the stay to establish "a clear case of hardship or inequity in being required to go forward." 300 F.2d at 268–69. The Attorney General has not identified any hardship arising from resolution of the pending jurisdictional question that outweighs the consequences of further delay. The remaining *CMAX* considerations therefore weigh against holding the Motion to Remand in abeyance.

### B. The Attorney General Has Not Established a Basis to Delay Transmittal of a Remand Order

The Attorney General alternatively asks the Court, if it grants the Motion to Remand, to delay transmission of the certified remand order to the Superior Court for fourteen days so that he may seek emergency appellate review. ECF No. 38 at 9. A party seeking to stay a remand order pending appeal must satisfy the ordinary requirements for a stay pending appeal, including a strong showing of likelihood of success on the merits and a showing of irreparable injury absent a stay. *California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768, 773 (9th Cir. 2025).

The Attorney General has not even attempted to engage the factors for a stay. He does not address his likelihood of success on appeal or identify an irreparable injury that would result from immediate transmittal. The merits of the Governor's claims have not been briefed in the Superior Court, and no merits matter is awaiting decision there. He therefore identifies no imminent proceeding or ruling that threatens irreparable injury before he can seek appropriate relief from the appellate court.

Indeed, *Express Scripts* rejected the premise that allowing state-court proceedings to continue while a remand appeal is pending necessarily causes irreparable injury. The Ninth Circuit explained that the question on appeal is whether the case belongs in state or federal court, while proceedings concerning the merits and discovery present different questions that do not interfere with review of the remand order. *Id.* at 771. It further recognized that "early stage litigation in state court" may proceed during a remand appeal and that requiring a party to proceed in state court "for a brief period pending appeal" does not itself cause irreparable loss. *Id.* at 770–71.

The Attorney General's stated intention to seek appellate review therefore does not establish entitlement to a fourteen-day stay. Because he has not made the showing required for a stay pending appeal, his alternative request should be denied.

## III. CONCLUSION

The Attorney General's candidacy does not convert this case into an election case. A ruling on the Governor's Motion to Remand will not alter the November election and will not decide the merits of the Governor's underlying claims. It will determine only whether this action belongs in federal court or should return to the Superior Court of Guam.

The Governor respectfully requests that the Court deny the Attorney General's Motion to Hold Plaintiff's Motion to Remand in Abeyance and deny his alternative request for a prospective fourteen-day stay.

*Respectfully submitted* this 21st day of September, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*

## CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

Douglas B. Moylan
Attorney General of Guam
Office of the Attorney General of Guam
134 W. Soledad Avenue
Ste. 802 Bank of Hawaii Building
Hagåtña, Guam 96910
(671) 475-2710
dbmoylan@oagguam.org

William Lyle Stamps
Assistant Attorney General
Office of the Attorney General of Guam
Civil Division
134 W. Soledad Avenue, Ste. 302
Hagåtña, Guam 96910
(671) 475-2710
lstamps@oagguam.org

*Respectfully submitted* this 21st day of September, 2026.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorneys for Plaintiff*
*Lourdes A. Leon Guerrero,*
*Governor of Guam*